### John P. Clark and another v. Lydia A. Raymond.

*Mechanics' lien: Appeal: Jurisdiction.*   No appeal lies from proceedings under the statute (*Comp. L. 1871, ch. 215*), as at present constituted, to enforce the liens of mechanics, etc., who by contract with the owner, etc., of lands, furnish labor or materials for constructing or repairing any building, wharf or appurtenances, etc., upon such lands.

*Heard and decided January 15.*

Appeal from Bay Circuit.

This was a proceeding under *chapter 215 of the Compiled Laws of 1871*, to enforce an alleged lien for materials and labor, used and expended about the building of a wharf, etc.   The proceedings were carried on in the circuit in analogy to proceedings in chancery.   An order in the form of a decree was entered, sustaining the lien.   From this order or decree the respondent took an appeal in the form of an appeal in chancery.

When the cause came on for argument in this court, the attention of counsel was called to the question of jurisdiction, and the argument confined in the first instance to that question alone.

CLARK v. RAYMOND.

*Sutherland & Wheeler*, for petitioners.

*McDonell & Cobb*, for respondent.

THE COURT held that under the statute, as at present constituted, no appeal would lie from such proceedings, and that they had no jurisdiction to hear the cause.

The statute makes no provision for bringing the proceedings into this court for review; and the fact that they are instituted by petition to the circuit court in chancery, and are entitled as in chancery, and carried on somewhat in analogy to chancery proceedings, does not, of itself, authorize a chancery appeal. The inherent nature of the proceedings differs widely from a chancery cause. They are of a summary character, and may proceed before the court or before the circuit judge at chambers, either in term or in vacation, and are in many other particulars *sui generis.* Provision is made for the intervention of other creditors having like liens; and each creditor may contest the claim of every other, and the court is required, in a summary manner, to determine the respective rights of each. No means is provided for preserving the testimony, or settling a case to embody it. A court of equity has no apt machinery for handling a case of such an anomalous character. Without further legislation there seems to be no way in which a review of such proceedings in an appellate court, can be appropriately entertained.

Appeal dismissed accordingly.