HARVEY CADY ET AL. v. CENTREVILLE KNIT GOODS MFG. Co.

*Proceedings for voluntary dissolution of corporations—Appeals—Receiver's powers.*

Proceedings in equity for the voluntary dissolution of corporations are not adverse proceedings and are not appealable on the footing of chancery appeals. Appeals are only allowed when given by statute, and the general statute confines them to "causes," and does not include special proceedings not litigious.

The reference of disputed claims which receivers of such corporations are allowed to resort to are collateral, and form no part of the statutory proceedings for dissolution on the equity side of the court.

The difference between the adverse and voluntary proceedings under chapters 117 and 118 of the Revised Statutes explained.

The receiver on voluntary dissolution becomes vested with all the corporate interests except the power to do business, and the corporation ceases to exist.

Appeal from St. Joseph. Submitted April 6. Decided April 12.

PETITION for dissolution of corporation and appointment of receiver. Contestants appeal. Dismissed.

*John B. Shipman, H. H. Riley* and *William Sadler* for petitioners. The right of appeal is purely statutory and can be used only by those to whom it is allowed: *Weed v. Lyon* Walk. Ch. 77; *Mich. Ins. Co. v. Whittemore* 12 Mich. 311; a stockholder has no standing in court on behalf of the corporation until after it refuses to act: *People v. State Treasurer* 24 Mich. 468; *Talbot v. Scripps* 31 Mich. 268; *People v. Circuit Judge* 42 Mich. 362; the chancery court has no jurisdiction of these cases under its general powers, and the statute allowing appeals does not cover them: *Clark v. Raymond* 26 Mich. 415.

*Alfred Akey, Charles Upson* and *Germain H. Mason,* for contestants, cited in support of the right of appeal: *Matter of Waterbury* 8 Paige 380; *Matter of Eagle Iron*

*Works* id. 385; *Austin v. Rawdon* 42 N. Y. 155; *Bewick v. Alpena Harbor Co.* 39 Mich. 710; and of the appealability of the order: *Baker v. Pierson* 5 Mich. 456; *Bullard v. Green* 9 Mich. 223; *Perkins v. Perkins* 16 Mich. 162; *Eaton v. Truesdail* 40 Mich. 1; statutory appeals are provided for: *Clark v. Raymond* 26 Mich. 415; *People's Ice Co. v. Steamer Excelsior* 43 Mich. 336; stockholders can appeal from a decree approving a referee's report allowing claims against the corporation: *Maxfield v. Freeman* 39 Mich. 65; 2 Dan. Ch. Pr. 1460.

CAMPBELL, J.   In May, 1878, a petition for the voluntary dissolution of the Centreville Knit Goods Manufacturing Company was filed by all the directors, who also appear to have owned a majority of the stock, and under this petition a decree was made on the 14th of February, 1879, dissolving the corporation and appointing a receiver.

Three referees were afterwards appointed by agreement of the various persons interested, and they filed their report October 11, 1879, and judgment was entered on this upon the 5th of November, 1879.   The receiver afterwards made his final report, and a decree settling the accounts was made January 6th, but formally entered January 26, 1881.

From this order an appeal is taken by certain dissatisfied stockholders, who claim a right under the appeal to have the entire proceedings reviewed.   It is claimed on the other hand that no appeal lies to this court in the matter, and that the proceedings are not subject to the rules applying to suits in chancery.

The only statute relied upon in aid of the appeal is the general chancery statute which declares that "any complainant or defendant who may think himself aggrieved by the decree or final order of a circuit court in chancery, in any cause, may appeal therefrom to the Supreme Court." Comp. L. § 5179.   This is the same provision formerly existing when we had a separate court of chancery.   R. S. 1838, p. 379.

It is admitted the order appealed from is in the nature of a final order, and made by a court of equity, but it is claimed

by respondents that the proceeding is not in its main feature a litigious proceeding or suit, but is a special statutory proceeding in a class of cases not within the general range of equity.

To understand the character of this proceeding we must consider the authority of equity over corporations under its general powers. It is well settled that the power to dissolve corporations for cause was always legal and not equitable. This is familiar doctrine and never disputed. *Attorney General v. Bank of Michigan* Har. Ch. 315 ; *Atty. Gen. v. Utica Ins. Co.* 2 Johns. Ch. 371; *Atty. Gen. v. Bank of Niagara* Hopk. 354; *Verplanck v. Mercantile Ins. Co.* 1 Edw. Ch. 84; *Same v. Same* 2 Paige 438.

This being so, laws were passed in New York at an early day, and subsequently included in their Revised Statutes for two purposes—*first*, to provide for suits against corporations in equity to restrain improper acts and to dissolve them in certain cases on the prosecution of the attorney general or injured persons interested as creditors ; and *second*, to enable the directors or other managers of corporations to proceed by petition to have them dissolved whenever by reason of insolvency or for other cause the corporate business could not be carried on further to the advantage of those concerned. These proceedings had similar provisions concerning the manner of winding them up after dissolution, but differed entirely in their general purpose; the former being adverse to the corporate interests, and a proceeding in the ordinary character of a bill of complaint or information by a complaining party against the corporation as defendant, while the latter was on behalf of the corporation itself, to become relieved from its corporate responsibility in the future.

In the legislation of this State these provisions were not brought in at the same time. The court of chancery was organized first with none but usual equitable jurisdiction. On the 21st of June, 1837, an act was passed "to provide for proceedings in chancery against corporations, and for other purposes," which gave power upon filing a bill or

petition by the attorney general in aid of *quo warranto* proceedings to restrain corporations and others from exercising unlawful franchises; and also to reach insolvent banks or banks exercising unlawful powers, and to dissolve them in cases of insolvency.    This statute, while it provided for receivers in certain cases, gave them no special powers, and they were on the footing of ordinary chancery receivers. Laws 1837, p. 306; *Verplanck v. Mercantile Ins. Co.* 2 Paige 438.

The Revised Statutes of 1838 left this statute in force. On the 15th of April, 1839, a new law was passed not superseding the law of 1837 but providing for the voluntary dissolution of corporations, and giving to the receivers appointed under the old law similar powers ·to those provided for on voluntary dissolutions.    These receivers became vested with all the rights and property of the corporation for every purpose except carrying on its business, and were not appointed until the corporation had been dissolved, and ceased to exist.   Laws 1839, p. 96; §§ 8, 9, 10; *Verplanck v. Mercantile Ins. Co.* supra.

The Revision of 1846,which is the same as our present Compiled Laws, incorporated in separate chapters the provisions for proceedings against corporations, and those for voluntary dissolutions, as chapters 117 and 118 (Comp. L. chapters 206, 207).   Chapter 118 includes so much of the statute of 1839 as relates to voluntary dissolution, and does not include the latter part of that act which relates to adverse proceedings.

For the present purpose two features only of this statute become material—viz., the appointment of receivers on dissolution, and the reference of controversies by the receiver.

The first thing to be done is to determine whether the corporation should be dissolved.   This is not made by the statute to depend on any legal question.   It may be done whenever it shall "appear to the court" that "for any reason a dissolution thereof will be beneficial to the stockholders, and not injurious to the public interest."   § 6593.

And as already stated, as soon as the decree is entered it is provided that " such corporation shall thereupon be dissolved, and shall cease." Id.

All the subsequent proceedings go upon the basis that there is no longer any corporation, and they are intended to secure the collection and distribution of the assets in complete analogy to proceedings concerning the estates of deceased persons, and concerning insolvent estates. The receivers are put by two different sections on the footing of trustees of insolvents, and it is the insolvent law that gives the rule concerning references, which are to be had under " the same power," and with the like effect. See sections 6596 and 6601.

Whether an appeal lies to review the order of dissolution, or the proceedings on reference, or those concerning the receivers, must depend on the statute. No appeal lies in any case except where given by statute. It is not a proceeding recognized by the common law, and must come within the grant of some express law. This doctrine has been declared by this court, and is equally well settled generally. And it is at least generally true that it will not lie except to review proceedings which may be properly termed judicial proceedings; while in the few peculiar cases where it has been deemed fit to vest courts with supervision over other matters, they have not been regarded as coming under the general appellate jurisdiction of courts above those thus authorized to act. *Clark v. Raymond* 26 Mich. 415; *Auditor Gen. v. Pullman Palace Car Co.* 34 Mich. 59. The distinction is illustrated in the decisions of the United States Supreme Court under the bankrupt law, where an appeal is recognized as lying to the Supreme Court from decrees of the circuit courts in the exercise of their judicial powers as courts of equity, but not as to matters of bankruptcy alone, where the circuit courts exercise supervisory but not judicial powers in the strict sense over the district proceedings reviewed. *Milner v. Meek* 95 U. S. 252; *Morgan v. Thornhill* 11 Wall. 65.

In New York the statutes governing appeals both to the chancellor and to the court of errors, gave the right of

appealing from all orders and decrees of the inferior courts,. and did not qualify them by confining them to "causes." But under this broad power it was decided that no appeal would lie from matters of discretion, nor from matters not involving "some definite rule of law or equity." COWEN, J. in *Rogers v. Hosack's Ex'r* 18 Wend. 319 (and see page 330). See also the opinion of the court by BRONSON, J. in *Rowley v. Van Benthuysen* 16 Wend. 369.

In the New York law concerning voluntary dissolutions,. from which ours was borrowed, a specific right of appeal was given to the chancellor from the vice-chancellor, and none to the court of errors unless by implication. The revisors' notes to this section express the opinion that the appeal ought to be limited. Appendix, p. 757. And our Legislature, in adopting the New York law nearly *verbatim*,. left out the appeal clause altogether. It could not have been dropped for any purpose except as undesirable. No special provision for appeal was needed in adverse proceedings, because they come within the usual equity methods.

In our view the proceeding up to the point of dissolving the corporation is in no sense a suit or cause; and is, as intimated by the Supreme Court of Massachusetts, *In re New South Meeting-house in Boston* 13 Allen 497 (see page 513), a proceeding whereby corporations are enabled to surrender their franchises under proper supervision, as they always could in England, but as in this country they cannot otherwise do unless some provision is made by law. We think no appeal lies under the statute.

It was claimed, however, that the references provided for are judicial in their character and involve adverse rights to be litigated which may pass into judgment. However this may be, the appeal is not provided for by statute, and an examination of the laws will show that they have been entirely misapprehended. The reference is a collateral and distinct proceeding, in the nature of an arbitration, and no necessary part of the main proceedings. Section 6601 provides that the receivers may have such power to settle any matters in controversy, if they choose to do so, by a reference

"as is given by law to trustees of insolvent debtors, and the. same proceedings shall be had for that purpose, and with the like effect; and application may be made to any officer authorized to appoint such referees on the application of the trustees of insolvent debtors, who shall proceed therein in the same manner; and the referees shall proceed in like manner and file their report with the like effect in all respects." § 6601. The law does not compel them to resort to references.

It will be seen from this that the referees are not appointed by the court of chancery, or under its supervision, but by application not to a court, but to an "officer." By §§ 7283 and 7199, referees for trustees in insolvency may be appointed by any circuit judge or circuit court commissioner, of the county, whether he is the officer appointing the trustees themselves or not. By the Revised Statutes of 1838, which were in force when the law was first framed, application might be presented to a common-law judge or a notary public, but not to the chancellor. R. S. 1838 p. 551. The law has always required such reports to be filed in the office of the clerk of the circuit court for the county (Comp. Laws §§ 7287, 7289; R. S. 1838 pp. 610, 611); and every report is made conclusive on the rights of the parties, if not set aside by the court. This means necessarily the circuit court, where a rule is entered by the clerk for appointing the referees on filing the officer's certificate, or the written agreement of the parties. Comp. L. § 7287; R. S. 1838 p. 610.

The circuit courts now have equitable as well as legal jurisdiction, but the clerk when acting on the chancery side is usually termed the register; and moreover, as this appointment is originally made by some officer out of court, there is no practice not statutory which would recognize the entry of an equity rule unless in an existing cause or proceeding. But it is enough to say in this respect, that when this law was adopted the circuit courts had no equity powers, and there was no provision for action on references by the chancery court or register.

We need not consider whether the laws applicable to

references of cases pending in circuit courts apply or not to such independent references as that now in controversy, where the court has nothing to do with the appointment except to have it entered after it is made by an officer out of court. As the reference is no part of the chancery proceeding, and as that proceeding itself is not appealable, we have nothing before us to review. We have deemed it proper to refer somewhat at large to the practice, because this is the first case in which the point has arisen, and we have found no precedents for any such appeals either in this State or in the other states having similar laws.

The appeal must be dismissed with costs.

The other Justices concurred.