# MAU v. STONER ET AL.

Statutory Construction—Constitutional Law—Appeal and Error—Right of Appeal in Special and Summary Proceedings—Words and Phrases—Water and Water Rights—Joint or Partnership Ditches—Water Distributer, Appointment of.

1. Section 910, Revised Statutes of 1899, as amended in 1903, providing that the hearing upon a petition for the appointment of a distributer of water upon a joint or partnership ditch may be had before either the district court, the judge thereof in chambers, or the court commissioner, and that the decision shall be final, unless an appeal be taken to the district court, is to be construed as providing for an appeal only from the judge in chambers, or the court commissioner, leaving the decision of the district court final.

2. In the absence of a direct constitutional requirement, the right of appeal does not exist unless expressly conferred by statute; the right to have a judgment of an inferior tribunal reviewed by writ of error is not a natural or inherent right, but it pertains merely to the mode of judicial procedure or the remedy.

3. Without deciding whether there is a constitutional right of appeal to the supreme court in cases which proceed according to the course of the common law, it is held that in creating a special or summary proceeding unknown to the common law, established to afford temporary relief only, the legislature has the power to declare that in such a proceeding the decision of the district court shall be final, and to deny the right of appeal therefrom.

4. The statutory proceeding for the appointment of a water distributer upon a joint or partnership ditch (Rev. Stat., 1899, Secs. 908-914) being special and summary, and unknown to the common law, created to afford temporary relief, the legislature had the power to deny a right of appeal from a decision rendered by the district court in such proceeding, and has done so by declaring that the decision of said court shall be final.

## ON REHEARING.

5. The words "the decision so rendered shall be final," as employed in Section 910, Revised Statutes of 1899, as amended in 1903, in providing for a hearing upon a petition for the appointment of a distributer of the water flowing in a

joint or partnership ditch, are used, not in the sense of distinguishing the judgment as a final and not an interlocutory order, but as putting an end to the litigation, and precluding the right of further appeal.

6. The statutory declaration that the decision of the district court shall be final in the special proceeding for the appointment of a distributer of water in a joint or partnership ditch renders inapplicable the general provisions of Section 4249, Rev. Stat., 1899, allowing appeals from final judgments or orders of the district court, under the rule that where a special statute is later than a general statute relating to the same subject, the enactment operates necessarily to restrict the effect of the general act, from which it differs.

7. If a legislative enactment violates no constitutional provision or principle, its existence as a statute, so far as the courts are concerned, is conclusive evidence of the justice, propriety, and policy of its passage.

[Decided November 8, 1905.]
[Rehearing denied December 30, 1905.]          (83 Pac., 218.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Proceeding for the appointment of a distributer of water flowing in an alleged joint or partnership ditch. From an order making the appointment as prayed in the petition filed by the plaintiffs, the defendant brought error. The proceeding was had under the provisions of Sections 908 to 914, inclusive, Revised Statutes of 1899.

*J. H. Ryckman,* for plaintiff in error.

The primary purpose of the suit is to procure the appointment of some person to take charge of the ditch, to clean it out and to fit it for use. This the appellant claims the District Court of Uinta County has no jurisdiction to do.

Section 915, Revised Statutes, 1899, points out how a ditch may be cleaned out, if one or more of the joint owners fail or neglect to do his, her or their proportionate share of the work necessary for the proper maintenance and operation of such ditch, and there is no other method to accomplish

such purpose prescribed by law. Nowhere do our statutes prescribe the method adopted in this case, and the court, therefore, is without jurisdiction.

Jurisdiction of the subject matter is the power to adjudge concerning the general question involved and is not dependent upon the state of facts which may appear in a particular case or which is claimed to have arisen under that general question. It is the power to act upon the general and abstract question and to determine and adjudge whether the particular facts presented call for the exercise of that power. (Hunt v. Hunt, 72 N. Y., 229; Sweet v. Merry, 109 N. Y., 94; Ayers v. Russell, 50 Hun, 298; Lange v. Benedict, 73 N. Y., 27; Cooper v. Reynolds, 10 Wall, 308; Gates v. Lansing, 5 Johns., 282; Ry. Co. v. Sutton, 130 Ind., 415; McCoy v. Able, 131 Ind., 420; Jackson v. Smith, 120 Ind., 522; State v. Com., 12 Pet., 657.)

Where there is clearly no jurisdiction over the subject matter, any authority exercised is usurped authority. (State v. Wolever, 127 Ind., 315.)

It will not be seriously contended that in a purely statutory and summary proceeding such as this is attempted to be made, perhaps under Section 908, which provides for the appointment of a distributer of water in certain cases, that the rules of good code pleading are thereby relaxed to such an extent that only conclusions of law and not facts need be alleged as in this petition. The rule is without exception that the allegation of a conclusion of law raises no issue. (12 Ency. Pl. & Pr., 1024.)

It is alleged that the plaintiffs and defendant are joint owners in a certain irrigating ditch known as the Mau Canal. Now, joint ownership is always purely a question of law, and such an allegation presents no fact upon which issue can be taken, and joint ownership is the foundation of the suit. If there is no joint ownership alleged there is no cause of action stated, and the defendant's demurrer to the petition should have been sustained. An allegation of title must state the facts from which title is necessarily inferred.

(Turner v. White, 73 Cal., 299; Sheridan v. Jackson, 72 N. Y., 170; 21 Ency. Pl. & Pr., 718.) To entitle the plaintiff to the relief sought he must show in his petition that he has a prior right to the water, and it is not sufficient to allege priority without setting forth the facts upon which his claim of priority is based. For him to allege that he has a right to certain water by virtue of a prior appropriation would be to plead a conclusion of law. His petition must contain every essential averment necessary to show the existence of his right under the law of appropriation, just as we claim here the petition must contain every essential averment necessary to show the existence of joint ownership. (Downing v. Ditch Co., 20 Colo., 546; Farmers & Co. v. Southworth, 13 Colo., 111; Heintzen v. Binninger, 79 Cal., 5.)

The petition is not only defective in failing to allege the facts from which the asserted joint ownership may be inferred, but it is defective in failing to define the location and area of the lands claimed by them to be irrigated from this canal, or how many cubic feet per second they are jointly or severally entitled to. Lest these patent defects might not in the opinion of the trial judge be grounds for demurrer, and in order to save in any event a proper exception, the defendant moved to compel the plaintiffs to make the petition more definite and certain in regard to the points sought to be reached by demurrer. This motion was denied, which ruling appellant claims was error. Furthermore, the alleged joint ownership in the canal as shown by the petition, assuming it to be good in any respect, must have been a special joint ownership and that of a peculiar kind, and this was sought to be cured by the motion. The plaintiffs would seem to claim to have a joint ownership in the ditch only for the purpose and to the extent of carrying the overplus of five cubic feet, which is conceded to the defendant. That the canal carries more than five cubic feet is nowhere alleged, or how much water the plaintiffs collectively or separately claim is not set out.

The petition is further fatally defective in that there is no allegation that the plaintiffs or any of them ever obtained a permit from the State Engineer to appropriate any water through the canal in controversy, or otherwise, in any manner, or for any purpose whatsoever.

It is a well settled rule in water litigation, especially to quiet title or to ascertain the extent of asserted rights, that all persons claiming an interest should be brought into court that there may be an end to litigation. The appellant has a perpetual injunction against Stoner, affirmed by the Supreme Court, enjoining him from taking any of the appellant's water flowing in this canal and against Victor Forgeon from interfering with appellant's water flowing therein. It is respectfully submitted that until those restraining orders are vacated or modified the District Court of Uinta County has no power to authorize Sheriff James at the behest of John W. Stoner or otherwise to infringe upon those injunctions in letter or spirit.

It is clear that neither John W. Stoner nor Victor Forgeon, nor their privies, could have shut off the water of appellant under any pretext or for any purpose whatsoever at the time and for long before their petition was filed. They could not do by indirection that which they were forbidden directly by the injunction to do.

This cause ought to have been tried by a jury. When a person claims an interest in an irrigating ditch, and the defendant denies his right, an issue is formed which ought to be tried by a jury. Water rights are the most valuable property rights in this state. To be sure, no jury trial was demanded because there was no jury in attendance when the case came on for trial, and to have asked for a jury would have been a waste of breath, and the law does not require a useless thing to be done. The case was tried in vacation by the court at an adjourned day, but the trial by jury was not waived, as appears by the record, and unless so waived as provided by Section 3659, the case should have been continued by the court of its own motion under the issues until a jury would be in attendance.

*J. W. Lacey* and *Hamm & Arnold,* for defendants in error.

The court below had jurisdiction. Revised Statutes, Sections 908 to 914, authorize any joint owner in a ditch where the joint owners are unable to agree as to the distribution of the water, to file in the District Court a "verified petition setting forth such fact," and asking for the appointment of a suitable person to distribute the water. This act, unless unconstitutional, gives to the District Court jurisdiction of the subject matter. No ground of unconstitutionality is pointed out, and we see no reason for denying the constitutionality of the law. Jurisdiction of the person of the defendant in error was obtained by acknowledgment of service of summons, and by a general appearance, without any question of the jurisdiction. It seems to be contended that the action is one to procure the appointment of some person to clean out and fit the ditch for use, and it is urged that the court has no jurisdiction of such a matter. But this is not the purpose of the action, since the petition clearly alleges joint ownership of the ditch, and that the joint owners are unable to agree relative to the division or distribution of the water received and carried through the same. Now, for the present purpose, even if it were conceded that the cleaning out of the ditch would not itself be within the jurisdiction of the court, the other matters alleged in the petition as to distribution of the water are within Section 908. And even if the defendants in error asked more than they were entitled to, that would not oust the jurisdiction concerning the things to which they were entitled.

The allegation of ownership, or joint ownership, made in the petition in general terms is sufficient. (Ely v. R. R. Co., 129 U. S., 291; Leavenworth Co. v. Leahy, 12 Kan., 124; Adams v. Bank, 123 Fed., 641; Johnson v. Vance, 86 Cal., 128; Payne v. Treadwell, 16 Cal., 242; Garwood v. Hastings, 38 Cal., 216; Gage v. Kaufman, 133 U. S., 471; Board v. R. R. Co., 24 Wis., 93; Gillett v. Robbins, 12 Wis., 329; Billings v. Sanderson (Mont.), 19 Pac., 307; Overbagh v. Oathout, 35 N. Y. Supp., 962; Witherell v. Wiberg, Fed.

Cases No. 17, 917; Vinnedge v. Nicholai (Neb.), 44 N. W., 89; Krug v. McGilliard, 76 Ind., 28; R. R. Co. v. Oyler, 60 Ind., 383; Trittipo v. Morgan, 99 Ind., 269.)

The third contention of the plaintiff in error assumes that there is some rule of pleading requiring that the defendants in error in their petition should set out the lands which they irrigated. The statute regulating this procedure does not make a description of the lands any part of the petition, nor require that such description should be furnished. Moreover, there is no indication in the case anywhere that the plaintiff in error was in any manner prejudiced by a failure to set out the lands, nor any indication that he did not already have full knowledge of the lands.

The fourth matter discussed in the brief of plaintiff in error relates to the sufficiency of the evidence. Singularly enough, it is not even claimed in the brief that there was not sufficient evidence, but the claim is that the weight of the evidence was contrary to the decision of the court. We need not cite authorities to the proposition that if there is sufficient evidence this court will not weigh it and determine where the preponderance is. A preponderance is not with the mere number of witnesses, but many other elements may enter into it.

The above observations would be true in case the evidence were in the record here; but the fact is that there is no bill of exceptions here, and, therefore, this court cannot know what the evidence was. The bill of exceptions is not here, for the reason that no time was given by the court within which to prepare and file the bill. In the purported bill of exceptions it is stated that the defendant was given until the first day of the September term of court within which to prepare and present his bill of exceptions. The record shows that the trial and decision of the cause were on May 14, 1904, which was at the April, 1904, term of the court. This purported bill of exceptions was signed on the first day of the September term of court, and, therefore, after the expiration of the April term. The court, therefore,

had no power at the September term to sign and allow a
bill of exceptions unless that power was reserved by the
court at the April term. This grant of time by the court
at the April term could only be shown by an entry of record
made at that term. It is not sufficient that the bill of ex-
ceptions states that such time was granted. (Smith Drug
Co. v. Casper Drug Co., 5 Wyo., 510; Hogan v. Peterson,
8 Wyo., 549; Schlessinger v. Cook, 8 Wyo., 484; Kilpat-
rick v. Wheeler, 8 Pac., 654; Sweatman v. Wall (Ga.), 36
S. E., 954; Abel v. Blair (Okla.), 41 Pac., 342; Butler v.
Savannah Co. (Ala.), 25 So., 241; Jones v. Bowman, 10
Wyo., 47.)

The matter of the alleged defect of parties was not brought
to the attention of the court either by demurrer or answer,
and hence was waived. (Rev. Stat. of 1900, Sec. 3537.)

It is, however, contended that the plaintiff in error had
obtained an injunction against the defendants in error, or
one or some of them, perpetually enjoining them from in-
terfering with his right to the use of water through the
ditch in question, and it is gravely contended that this in-
junction necessarily prevented the defendants in error from
cleaning out or repairing the ditch in controversy, even
though such cleaning out and repairs were necessary to
enable the defendants in error to use their water rights
through the same ditch. The assumption that any injunc-
tion was ever granted is not sustained by the record. (a) Be-
cause the injunction order is not brought into the record
here by bill of exceptions, and, therefore, the court cannot
know that there ever was any injunction; (b) because the
purported order which is included within the purported bill
of exceptions does not bear the construction which counsel
claims for it. The only effect of such an order in this case,
if it had been as broad as counsel contended, would be to
make the defendants in error liable in contempt for violating
the injunction order.

It is claimed that the case should have been tried by a
jury. Singularly enough, this contention is coupled with

the statement that no jury was demanded by the plaintiff in
error in the court below. We insist that, even had it been
demanded, the plaintiff in error was not entitled to a jury
trial. (Rev. Stat. 1899, Secs. 3604, 3605, 910; Wearne v.
France, 3 Wyo., 273; Ellithorpe v. Buck, 17 O. St., 72.)
But even if jury trial had been demandable, it was not here
demanded, nor was any exception taken to the trial of the
matter by the court, nor was the action of the court in rela-
tion to it made a cause in the motion for a new trial. The
matter of a jury trial was, therefore, waived. (Rev. Stat.,
Sec. 3659; Syndicate Imp. Co. v. Bradley, 6 Wyo., 171;
Hogan v. Peterson, 8 Wyo., 549-556; Griffin v. Pate, 63
Ind., 273; Ketchman v. Brazil Co., 88 Ind., 515; Sheets v.
Bray, 125 Ind., 33; Elliott's App. Proc., 612.) This court
is without jurisdiction upon these proceedings in error. The
statute, Section 910, makes the decision of the court below
final, which necessarily means without appeal. There is
no right of appeal unless granted by statute. (Dennison v.
Talmage, 29 O. St., 433; State v. Bethea (Neb.), 61 N.
W., 578; Harvey v. Pealer, 63 Mich., 572; Bassett v.
Hutchinson, 91 Mass., 199; R. R. Co. v. Dickson, 30 Wis.,
389; Wilson v. Territory, 1 Wyo., 114; People ex rel. v.
Fowler, 55 N. Y., 675; Patterson v. Schoyler (Pa.), 10
Watts, 333; Blum v. Gray (Colo.), 34 Pac., 840; Miller
v. Clark (Kan.), 62 Pac., 664-665; Woodworth v. Bowles,
60 Pac., 331.)

This court is without jurisdiction for the further reason
that there was no final judgment in the court below. All
that was done by the court below was the appointment of
a distributer. The statute itself contemplates in Sections
911, 912 and 913 that further proceedings shall be had in
the court below after the appointment of the distributer.
There was a report of expenses by the distributer, but no
action has ever been taken upon that report. There was no
judgment for costs; no final judgment of any sort in the
case. The record itself shows that the matter is still in
*fieri.* Proceeding in error to this court confers no jurisdic-

tion until after final judgment in the court below. (Gramm v. Fisher, 3 Wyo., 595; Menardi v. O'Malley, 3 Wyo., 327; Hayes v. Fisher, 102 U. S., 121; Kinsley v. State, 3 O. St., 508; Comins v. Turner's Falls Co., 140 Mass., 146.)

*J. H. Ryckman,* for plaintiff in error, on petition for rehearing.

The Legislature has provided for the review of a judgment or final order made by a District Court, and defines judgments and final orders. (Rev. Stat., Secs. 4249, 3751.) The declaration that the decision shall be final merely settles it as a final and not an interlocutory order; it was not intended to render the decision a conclusive determination of the rights of the parties, and to deny the right of appeal.

VAN ORSDEL, JUSTICE.

This action was instituted in the District Court of Uinta County by the defendants in error, plaintiffs below, for the appointment of a suitable person to distribute between the parties to this action the water from a certain irrigating ditch in said county known as the Mau canal. The court in its decree found that the parties to the suit were joint owners of the canal and made the appointment as prayed for in the petition. From this order the cause was appealed to this court. Counsel for defendants in error contend that an appeal will not lie from the judgment of the District Court in this case, and that this court is without jurisdiction in the premises. This action was brought under the provisions of Sections 908 to 914, inclusive, Revised Statutes, 1899. Section 910 provides: "The hearing provided for under this chapter may be held either before the court, the judge thereof sitting in chambers, or the District Court Commissioner of said county, and shall be had upon the day fixed in the summons for making answer to the petition filed, or as soon thereafter as possible, and the decision of the court, judge or commissioner shall be final." This section was amended by Chapter 93, Session Laws, 1903, to

read as follows: "The hearing provided for under this chapter may be heard either before the court, the judge thereof sitting in chambers, or a District Court Commissioner of said county, and shall be had upon the day fixed in the summons for making answer to the petition filed, or as soon thereafter as possible. The decision so rendered shall be final unless an appeal is taken to the District Court of the county, which may be taken in the manner provided for appeals from justice court; *Provided, however,* That the judge or court commissioner shall fix the amount of the undertaking in appeal according to the value of the property involved and the damages which may be sustained." This section as amended provides only for an appeal from the judge in chambers or the court commissioner of the District Court, leaving the decision of the District Court final. We think this amendment will not bear any other reasonable construction. The very effect of the order sought is temporary in character and to meet an immediate emergency. It was manifestly the intention of the Legislature that in a special proceeding of this kind, the order being for temporary purposes, the objects of the statute should not be obstructed and valuable property interests jeopardized by the delay of an appeal to this court, but that the decision of the District Court should be final and conclusive. It is, therefore, contended that, in as much as the Legislature has declared the decision of the District Court to be final, this court is without jurisdiction to entertain this appeal. If this contention is correct, a judgment of dismissal must necessarily follow. It is well settled that in the absence of a direct constitutional requirement the right of appeal does not exist unless expressly conferred by statute. The right to have a judgment of an inferior tribunal reviewed by writ of error or appeal is not a natural or inherent right. It pertains merely to the mode of judicial procedure or the remedy. Unless it is guaranteed as a matter of right in the constitution, the Legislature has power to pass laws not only regulating the mode of pro-

ceeding, but limiting the cases in which the right may be exercised. The remedy by appeal was unknown to the English common law, hence it may be said that in both England and the United States the whole matter of appellate review is regulated almost entirely by statute law.

Since the Legislature has declared that the judgment of the District Court shall be final in cases brought under the provisions of the statute under consideration, it becomes important to determine whether under the constitution of this state the right of appeal is guaranteed in all cases. The constitution in defining the appellate jurisdiction of the Supreme Court provides: "The Supreme Court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." (Const., Sec. 2, Art. 5.) Section 18 of the same article provides: "Writs of error and appeals may be allowed from decisions of the District Courts to the Supreme Court under such regulations as may be prescribed by law." And again in the same article Section 23 provides: "Appeals shall lie from the final decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law." Section 2 merely defines and limits the jurisdiction of the Supreme Court without attempting to define the manner of appeal or the class of cases in which appeals may be taken. It provides that the appellate jurisdiction of the Supreme Court shall extend throughout the state both in civil and criminal cases without attempting to define how it may be exercised. We think the expression "under such rules and regulations as may be prescribed by law" refers to and limits all the powers conferred by the section—in other words, prescribes how the exercise of these powers may be regulated and limited. The construction of Section 2 is materially affected by the provisions of Sections 18 and 23, which refer particularly to judgments of the District Courts and justices of the peace and police

magistrates where the whole matter of writs of error and appeals is again referred to the Legislature. The provision in Section 23 expressly allowing the Legislature to limit the cases which may be appealed from courts of justices of the peace or police magistrates, to that extent, clearly allows a limitation upon the general right of appeal in all cases to this court; a plain contradiction, on the face of the instrument itself, of the contention that the right of appeal in all cases is guaranteed by the constitution. It will be observed that in Section 23 where the word "shall" is employed, a word generally mandatory in its legal acceptation, the words "in such cases" are used, thus permitting the Legislature to limit the cases coming under that section, which we think assists in the construction of Section 18. By that section it was intended merely to provide that the Legislature might allow writs of error and appeals when it might deem it most expedient for the public welfare. We have been able to find but two states where they have provisions in their constitutions exactly similar to Section 18 above quoted. In South Dakota, under a provision of the constitution the same as ours, the Supreme Court construing it, said: "By it they provided that 'writs of error and appeals may be allowed * * * under such regulations as may be prescribed by law.'" The word "may" is evidently used in that section in its proper sense as permissive and not in the sense of "must" or "shall." Again, by Section 20 of the same article it is provided that "writs of error and appeals may be allowed from county to the circuit courts, or to the Supreme Court, in such cases, and in such manner as may be prescribed by law." If the contention of the respondent is correct, that by Section 2 appellate jurisdiction is given in all cases to the Supreme Court, neither Section 18 nor Section 20 would be necessary, except so far as they might provide for the manner in which an appeal should be taken. The authority to allow appeals would be nugatory. It is quite clear from the provisions of Sections 18 and 20 that the framers of the fundamental law intended to leave the

power over the subject of appeals to the Legislature, to be exercised in such manner as public policy and the best interests of the people might require." (McClain v. Williams, 10 S. Dak., 332.) In Illinois, under a similar constitutional provision providing that "appeals and writs of error shall be allowed from final determinations of county courts as may be provided by law," the court said: "Plainly this does not confer the right to á writ of error from this court in all cases decided by the county court. Whether the case shall be taken, by appeal or by writ of error, to this court or to some other court, must be provided by law. It is but a direction to the General Assembly to prescribe, by law, how appeals and writs of error shall be allowed from final determinations of county courts." (Kingsbury v. Sperry et al., 119 Ill., 279.) In Michigan, the court construing a provision of the constitution vesting in the Supreme Court the general superintending control of all inferior courts with power to issue original and remedial writs, and providing that "in all other cases it shall have appellate jurisdiction only," said: "The appellate jurisdiction in 'all other cases' is as plainly conferred by this section as is the appellate jurisdiction of the circuit courts in all cases of inferior tribunals. Among the other cases are those which arise in equity and are tried on the chancery side of the circuit courts. In these cases the jurisdiction of this court is appellate, but it obtains no jurisdiction in this class of cases, except by this act of the Legislature allowing appeals." (Sullivan v. Haug, 82 Mich., 548.) In Cady v. Manufacturing Co., 48 Mich., 137, Mr. Justice Campbell, stating the law as to the right of appeal under the constitution of that state, said: "No appeal lies in any case except where given by statute." In West Virginia, where the constitution provides that the Supreme Court shall have appellate jurisdiction in civil actions where the amount in controversy exceeds one hundred dollars, the court, construing this provision of the constitution, said: "Failure to give an appeal or writ of error in every case is not the result of oversight

in the people in the adoption of the constitution, nor of the Legislature in making laws under it. On the contrary, there is a deliberate purpose to set limits upon litigation, after one trial in the court having jurisdiction, and put an end to the controversy. Though writs of error came into use, as common law remedies, more than seven centuries ago, there is no absolute right in the suitor to have a decision reviewed, which must be respected in making laws, and, in the absence of some constitutional inhibition, it is within the power of the Legislature to prescribe the cases in which, and the courts to which, parties shall be entitled to bring a cause for review." (Fleshman v. McWhorter, 54 W. Va., 161.) This court held in the case of *In re* Boulter, 5 Wyo., 263, as follows: "We have no direct constitutional provision allowing appeals as a matter of right in criminal cases, except that this court is clothed with appellate jurisdiction in criminal as well as in civil causes, and is vested with a general superintendence and control over all inferior courts, under such rules and regulations as may be prescribed by law (Const., Art. 5, Sec. 2), but the statute relating to appeals, and which has stood practically untouched for a quarter of a century, provides for allowance of writs of error in criminal causes, "for good cause shown," upon the application of the defendant. It has been the practice lately in this court to allow writs of error *pro forma,* but this is a matter of grace. Either the court or judge to whom the application for the writ of error is made may refuse the writ if it does not appear that sufficient reasons exist for its allowance." In this state the Legislature has assumed the right to regulate, to some extent at least, the subject of appellate procedure. Section 4249, R. S. 1899, providing that, "A judgment rendered or final order made by the District Court may be reversed, vacated or modified by the Supreme Court, for errors appearing on the record," was in force not only at the time of the adoption of the constitution, but has been ever since. Recently the Legislature has provided for the bringing of criminal cases to this court

by petition in error instead of by writs of error as formerly. (Chap. 63, S. L. 1901.) Writs of error and *certiorari* had been abolished in civil cases by the Territorial Legislature long prior to the adoption of the constitution. (R. S. 1899, Sec. 4270.)

It is not necessary, however, in this case for us to express an opinion as to whether there is a constitutional right of appeal or review in cases which proceed according to the course of the common law. The statute under consideration provides for a special or summary proceeding unknown to the common law, created by the Legislature for the purpose of affording temporary relief only and to meet immediate emergencies that may arise under it. The Legislature clearly had the power in such a proceeding to declare that the decision of the District Court should be final and deny the right of appeal therefrom. We, therefore, hold that the Legislature in this proceeding had the right to declare the judgment of the District Court final, and that it has done so by the statute under consideration. It is unnecessary to consider the errors assigned in the record. The appeal is dismissed.

Potter, C. J., concurs.

Beard, J., having announced his disqualification, did not sit in the case.

ON PETITION FOR REHEARING.

Van Orsdel, Justice.

This cause was decided at the present term of this court. Within time counsel for plaintiff in error filed a petition for rehearing. It is contended by counsel for plaintiff in error that the clause, "the decision so rendered shall be final," as used in Chapter 93, Session Laws of 1903, merely defines the judgment of the District Court as a final order, and distinguishes it from an interlocutory order, as the same are defined and distinguished by the statutes of the state, allowing appeals from final orders only. It is, therefore, claimed that the order or judgment complained of, being so ex-

pressly defined as a final order of the District Court, comes within the scope of Section 4249, Revised Statutes, which provides generally that appeal will lie to the Supreme Court from judgments rendered or final orders made by the District Court. There are decisions of courts of high respectability which hold that the words "final and conclusive," when used in reference to the decisions of inferior courts, are employed in the sense of declaring the judgment final and not interlocutory. The great weight of authority, however, seems to regard the use of such terms as indicative of a final and conclusive determination of the litigation and the further right of appeal, rather than as defining the character of the judgment. (See opinion of Crockett, judge, in appeal of S. O. Houghton, 42 Cal., 35.) In the case of McAllister v. The Albion Plank Road Company, 10 N. Y., 353, a case closely analogous to the one here under consideartion, where it was provided by the statute of 1847 that the report of the road reviewers when confirmed by the Supreme Court should be final, and by the later amendatory act of 1851, that it should be final and conclusive, the Court of Appeals, in construing the effect of these expressions as used in the respective statutes, said: "It is not perceived how any effect can be given to these expressions, unless it be to take away and prevent any further appeal or review. They certainly add nothing to the force or validity of the decision, which would be just as binding and operative in all respects, without as with them; and it will hardly do, after they have been inserted in the original act, and repeated in the amendment, to treat them as redundant and meaning nothing." In the case here under consideration, like the one just cited, the Legislature has emphasized its intention, both in the original act and in the amendment. In Section 910, Revised Statutes, it is declared that the decision of the court, judge or court commissioner shall be final, without the use of any qualifying clause whatever, and again in Chapter 93, *supra,* which is amendatory of Section 910, it is declared that the decision shall be final,

unless an appeal is taken from the judge or court commissioner to the District Court. We are of the opinion that the qualifying clause, providing for appeal from the court commissioner or judge in chambers, clearly signifies that the word "final" is used, not in the sense of distinguishing the judgment as a final and not an interlocutory one, but rather as putting an end to the litigation and precluding the further right of appeal. Section 4249 relates to appeals generally from the judgments and final orders of the District Courts. No doubt if Section 910, as amended by Chapter 93, had contained no provision regarding the finality of the decision of the District Court in causes brought under it, appeal would lie from a judgment of this character under the general provisions of Section 4249; but a declaration by the Legislature that the decision of the District Court shall be final, in a special proceeding of this kind, takes this action out of the scope of the general statute. It is a general rule of statutory construction that where a special statute is later than a general statute relating to the same subject, the enactment operates necessarily to restrict the effect of the general act from which it differs. (Sutherland on Statutory Construction, Sec. 158.) We think this is the condition in regard to the statutes here under consideration. The clause, "the decision so rendered shall be final," as used in Chapter 93, *supra,* refers to all three tribunals mentioned in the preceding part of the section, "the court, the judge thereof sitting in chambers, or the District Court Commissioner." The decision is declared by the language of the statute to be final as to each of said tribunals, unless an appeal is taken from the judge in chambers or the court commissioner to the District Court. This leaves the decision of the District Court final. If it had been intended by the Legislature that an appeal should be allowed from the decision of the District Court, under the provisions of Section 4249, no declaration as to the final determination of the same would have been necessary, and no reason is apparent why the lawmakers should have placed any express limitation upon the right of appeal.

If, as contended by counsel, the statute under consideration is subject to abuse by reason of the limitations placed upon the right of appeal and its failure to provide that the distributer of water appointed under its provisions shall give a bond, these are proper subjects to present to the Legislature for its consideration. If a legislative enactment violates no constitutional provision or principle, its existence as a statute of the state, so far as the courts are concerned, is conclusive evidence of the justice, propriety and policy of its passage. These are questions entirely with the legislative department of the government, and upon which the judicial department has no power to act. If a statute has been passed improvidently the responsibility is with the Legislature and not with the courts. Rehearing denied.

POTTER, C. J., concurs.