State v. Chacon, 19 N. M. 456

(No. 1633, November 28, 1914)

STATE OF NEW MEXICO, Appellee, vs. F. M. CHA-
CON, Appellant.

### SYLLABUS BY THE COURT.

1.   Under Section 47, Chapter 57, S. L., 1907, which grants
the right of appeal to the Supreme Court in criminal cases
in the following language: "In all cases of final judgment
rendered upon any indictment, an appeal to the Supreme
Court shall be allowed if applied for during the term at which
such judgment was rendered", the right of appeal is limited
to final judgments rendered upon an indictment, and no right
of appeal will lie from a judgment of the district court com-
mitting a person to jail for a criminal contempt.

P. 459

2.   Section 2, Article VI, of the State Constitution, which
provides that "The appellate jurisdiction of the Supreme
Court shall be co-extensive with the State, and shall extend
to all final judgments and decisions of the district courts",
simply defined the appellate jurisdiction of the Supreme
Court and does not undertake to grant to a litigant a right
of appeal to that court.                              P. 460

3.   Although the constitution creates a court with general
appellate jurisdiction, as to all final judgments and decisions
of district courts, such jurisdiction may only be invoked pur-
suant to a statute or constitutional provision conferring the
right of appeal and prescribing the procedure.

P. 461

Appeal from District Court, San Miguel County; David
J. Leahy, Presiding Judge. '   Appeal dismissed.

ELISHA V. LONG, VEEDER & VEEDER, for appellants.

Proceedings for criminal contempt.  194 U. S. 328; 15
N. M. 528; Secs. 47, 57 Acts 1907; Sec. 2, Art. 6, Sec. 4,

Art. 22 State Const.; S. C. 31 S. E. 871-872; S. C. 25 S.
E. 219; 83 Pac. 235; 37 Pac. 7-8; 134 Pac. 217; 37 N.
W. Rep. 949; 36 Ind. 196; 7 Col. 451; 70 Cal. 210; 11
Nev. 187; 22 Am. St. Rep. 417; 12 Am. Dec. 178.

IRA L. GRIMSHAW, for appellee.

Contempt charged constitutes criminal contempt. 12 N.
M. 451; 15 N. M. p. 528; 194 U. S. 328; Rapalje on Con-
tempts, Sec. 21; 2 Bish. Cr. L., 7th Ed., Sec. 259; 7 Enc.
L. p. 28.

No appeal lies to Supreme Court in criminal contempt
proceedings.  Sec. 2, Art. 6, Const. N. M.; Sec. 1, Chap.
57 L. 1907; Sec. 3406 C. L. 1897; Vol. 12 N. M. p. 451;
16 Col. 274; 52 Cal. 230; 26 Mich. 415; 10 L. R. A. 263;
43 L. R. A. 287; 20 Wash. 158; 127 Wis. 468; supra; 14
Cyc. 193-194; 16 Col. 274; 14 Mich. 304; 30 Mich.
273; 48 Mich. 133; 236 Ill. 429; 159 Ind. 94; 12 Am.
Dec. 177; 42 Am. Dec. 161; 32 Vt. 253; 44 Conn. 393; 7
Col. 451; 70 Cal. 210; 39 Ala. 551; 42 N. M. 540; 11 Nev.
137; 12 Nev. 158; 51 Miss. 331; 22 Am. St. Rep. 414.

### OPINION.

ROBERTS, C. J.—The Judge of the District Court of
San Miguel County, sometime prior to June 10th, 1913,
became cognizant of an article published in "La Voz del
Pueblo", a newspaper published in San Miguel County by
appellant herein, and having a general circulation.    The
court's attention having been called to the contemptuous
nature of the article, S. B. Davis, Jr., W. J. Lucas and A.
T. Rogers, Jr., three members of the bar, were appointed
and designated to investigate the matter of the publication
and circulation of such paper and article, and to take
such action thereon as in their judgment was warranted.
Thereafter, on the 14th day of June, 1913, an affidavit by
the three members of the bar, so appointed, was filed in
the office of the clerk of said court, in which it was charged
that the appellant, at the time of the publication and cir-
culation of the article, had the management and control of
said newspaper, and that in publishing the article in ques-
tion, he was guilty of contempt of said court, in that the

said article was intended to influence the said court in its decision of a pending cause, and tended to bring into disrepute, and was calculated and intended to bring into disrepute the district court aforesaid, and the judge thereof, and to lessen the respect due to the said court, and to impede the administration of justice. Upon the filing of such affidavit the court ordered that an attachment issue for the arrest of appellant, and that he show cause why he should not be punished as for contempt of court as charged in the affidavit filed by such committee. Upon issue joined, a trial was had before the court on the 26th day of June, 1913, and the appellant was adjudged in contempt of court, fined fifty dollars and sentenced to thirty days imprisonment in the county jail of said county. From the judgment, appellant prosecutes this appeal. The Attorney General has filed a motion to dismiss the same, on two grounds, stated as follows:

"1.    That this court has no appellate jurisdiction in said cause, in that there exists no constitutional or statutory authority to entertain said cause in this court.

2.    That this court can not take jurisdiction in said cause, in that no right of appeal exists therein, either by constitution, statute or otherwise."

It is the contention of the Attorney General that the information filed by the committee charged the appellant with a criminal contempt, and this is not controverted by appellant. Without further consideration of the nature of the case, we will treat it upon this assumption, which is undoubtedly correct.

The provision for appeals in criminal cases is found in Section 47, Chapter 57, S. L. 1907, and the right is granted in the following language:

"In all cases of final judgment rendered *upon any indictment,* an appeal to the Supreme Court shall be allowed if applied for during the term at which said judgment is rendered."

This section is a re-enactment verbatim of Section 3406, C. L. 1897, which was construed by the Territorial Su-

preme Court in the case of Marinan vs. Baker, 12 N. M. 451. In that case the court held that an appeal would not lie from a judgment of the district court, committing a person to jail for a criminal contempt, as the statute only conferred a right of appeal in criminal cases, from a final judgment "rendered upon any indictment." Appellant does not deny the correctness of the holding in that case, which could not well be done, as it is amply fortified by authority and logic, but he contends that the section of the statute upon which it was based was amended by Section 2, Article VI, and Section 4, Article XXII, of the State Constitution. The latter section continued in force all laws of the Territory in force at the time of the admission of New Mexico as a state, which were not inconsistent with the constitution, and made certain other provisions not material here. However, Section 2, Article VI, reads as follows:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all final judgments and decisions of the district courts, and said court shall have such appellate jurisdiction of interlocutory orders and decisions of the district courts as may be conferred by law."

Appellant argues that Section 4 of Article XXII, of the constitution, contemplates that such laws of the State as may be in existence at the time of the adoption of the constitution, as are in some particular only, in conflict therewith, shall stand as modified or changed, or amended by the constitution so as to bring into existence one harmonious and consistent system of laws, upon the various subjects provided for by the constitution and the State statutes; and that it was not intended, where a part only, of any particular section of the statute was inconsistent with the constitution, that thereby the whole section should be repealed, but that such part should stand as amended, by eliminating the conflicting portion of the section, or act, in full force and as modified to the extent of the conflict. Applying this argument to the present case, it is contended that Section 2, Article VI, confers and

grants a right of appeal to this court from all final judgments, and therefore amends and alters the provisions of Section 47, Chapter 57, S. L. 1907, which only granted a right of appeal, in criminal cases from a "final judgment rendered upon any indictment". In support of the proposition that the statute is to be considered as amended by the constitution, the following cases are cited: Cleveland vs. Calvert, (S. C.) 31, S. E. 871; State vs. Evans, (S. C.) 25 S. E. 219; Butler vs. Lewiston (Idaho) 83 Pac. 235; Farmers Development Co. vs. Rayado Land Co., 18 N. M. 1, decided by this court.

It must be apparent, however, that this doctrine would not apply to the statute under consideration, unless it be true that Section 2, Article VI, of the constitution, confers upon litigants a right of appeal from all final judgments.

Appeals are creatures of statute and when not guaranteed by constitutional provisions, or specifically provided for by statute, no power of review is afforded to a litigant in a cause determined by an inferior court. The Supreme Court of this State has only such jurisdiction as is conferred by the constitution, and the laws of the State not in conflict therewith.

When the framers of the constitution said: "The appellate jurisdiction of the Supreme Court shall be co-extensive with the State, and shall extend to all final judgments and decisions of the district courts", were they attempting to declare and limit the jurisdiction of the court, only, or did they intend, after so declaring and limiting such jurisdiction, to also confer upon litigants an affirmative right to invoke such jurisdiction in all cases which passed to final judgment in the district courts of the State? That the former, only, was intended is, we believe, clearly manifest. They were creating a court of both appellate and original jurisdiction. Section 2, of said article attempted to define its appellate jurisdiction, which was declared to be co-extensive with the State and to extend to all final judgments and decisions of the district courts. It was declared to have appellate jurisdiction throughout the confines of the State, thereby prohibiting

the legislature from limiting such jurisdiction to certain counties or districts, and such appellate jurisdiction was limited to "final judgments and decisions" with such additional appellate jurisdiction of interlocutory orders as the legislature might see fit to confer upon it. By the next section (Sec. 3, Article VI) it was given original jurisdiction in quo warranto and mandamus against all State officers, boards and commissions, and other named powers were conferred upon it. But nowhere is a right granted to litigants, by appeal, to avail themselves of the jurisdiction thus conferred upon the court. No procedure is provided by which such jurisdiction is to be invoked, and, as the right of appeal is purely statutory, it is clear that, notwithstanding the fact that a court is created with appellate jurisdiction over all final judgments, such jurisdiction may only be invoked pursuant to a statute conferring the right and prescribing the procedure. This being true, the legislature may grant, or withhold the right; it may grant the right in one class of cases and withhold it in another. It may confer the right of appeal from all judgments rendered upon indictments, and deny it to all other judgments. This being true, there would be no inconsistency between the statute and the constitutional provision, and the doctrine contended for by appellant, if sound, would have no application.

Our position is fully supported by the adjudicated cases. In the case of State ex rel. Milwaukee Medical College vs. Chittenden, 127 Wis. 468, (page 508 of the opinion) the court construed the following constitutional provision:

"Circuit courts shall have * * * appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have power to issue writs of HABEAS CORPUS, MANDAMUS, INJUNCTION, QUO WARRANTO, CERTIORARI, and all other writs necessary to * * * give them a general control over inferior courts and jurisdictions."

The court said:

"That, it is argued, grants appellate jurisdiction and by necessary implication the right of review as upon an ap-

peal. Counsel fail to distinguish between appellate juris-
diction and the right of appeal. The former only is grant-
ed by the constitution, the latter is a mere legislative cre-
ation. The legislature is supreme in the matter. It may
grant the right of appeal from some inferior courts and not
from others, or from courts only, or from courts and trib-
unals exercising QUASI-JUDICIAL authority as well;
or may grant the right in some cases and not in others,
and having granted it take it away. Without legislative
action creating the right in any given case in plain lan-
guage, or by necessary implication, it would be usurpation
for the court, on the mere faith of its constitutional grant
of appellate jurisdiction, to entertain an appeal. The ap-
pellate power of circuit courts must remain in abeyance,
except just in. so far as it has been, or shall be, given
validity by legislative authority. Mitchell vs. Kennedy, 1
Wis. 511; Lancaster vs. Barr, 25 Wis. 560; Eureka S. H.
Co. vs. Sloteman, 67 Wis. 118, 30 N. W. 241; State ex rel.
Tewalt vs. Pollard, 112 Wis. 232; 87 N. W. 1107."

If the right of appeal is granted by the language of our
constitution, it necessarily is granted by the Wisconsin
constitution, for the provision there is as broad as our
own, now under consideration.

In Michigan, the court in the case of Sullivan vs. Haig,
82 Mich. 548, construing a provision of the consti-
tution vesting in the Supreme Court general super-
intending control over all inferior courts with power to
issue original and remedial writs, and providing that "in
all other cases it shall have appellate jurisdiction only",
said:

"The appellate jurisdiction in 'all other cases' is as
plainly conferred by this section as is the appellate juris-
diction of the circuit courts in all cases or over inferior
tribunals."

The court further said:

"When Article 6, Sec. 8, of the constitution clothed the
circuit courts with appellate jurisdiction, it used that
term in its known signification. It referred to such cases
as the legislature should provide for appealing and retrial
in the circuit court. As there is no writ of appeal, or pro-

cess by which the circuit court can bring the cause up from the inferior court for a retrial, it is evident that this provision of the constitution contemplated legislative action in order to bring the cause within the jurisdiction of the circuit court to retry."

In Cady vs. Manufacturing Co., 48 Mich, 137, Mr. Justice Campbell, stating the law as to the right of appeal under the constitution of that state, said: "No appeal lies in any case except where given by statute."

In the case of Mau vs. Stoner, et al, 14 Wyo. 183, the Supreme Court of Wyoming, in interpreting Section 2, of Article 5 of the constitution of that state, which provides:

"The Supreme Court shall have general appellate jurisdiction, co-extensive with the state; in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law," said:

"Section 2 merely defines and limits the jurisdiction of the Supreme Court without attempting to define the manner of appeals or the class of cases in which appeals may be taken."

Section 2 of Article V, of the constitution of South Dakota, reads as follows:

"The Supreme Court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, and shall have a general superintending control over all inferior courts under such regulations as may be prescribed by law."

In the case of McClain vs. Williams, 10 S. D. 332, 43 L. R. A. 287, the Supreme Court of that state said:

"Whether the qualifying clause 'under such regulations and limitations as may be prescribed by law' applies to the first clause relating to appellate jurisdiction, as well as to the clause relating to the general superintending control of inferior courts, as contended by counsel for respondent, we do not deem it necessary to decide, for the reason that that section does not attempt to define or prescribe in what cases an appeal may be taken to the Supreme Court. The object and purpose of the section seems to be to define

and limit the jurisdiction of the Supreme Court, and not in any manner define the class of cases in which an appeal might be taken. The language of the section, defining and limiting the jurisdiction of the Supreme Court, cannot, by any fair construction, be held to confer upon parties the right of appeal in all cases of which the Supreme Court has been given jurisdiction."

In the case of Western American Co. vs. St. Ann. Co., 22 Wash. 158, the same rule is followed, in construing a similar constitutional provision.

In the case of Clark vs. Raymond, 26 Mich. 415, it was held that, as the statute made no provision for bringing the proceeding into court for review, the appellate court had no jurisdiction, and that without further legislation there was no way by which a review could be had of such a proceeding, which clearly shows that the court assumed that necessary machinery must be provided in order to confer the right of appeal upon a suitor.

In the case at bar, no statutory machinery is provided. The question would arise, were this court to say that an appeal was permitted, as to the time within which appellant could perfect his appeal; whether within one or five years. When must he apply for the appeal? What steps must he take? There is no authority to invoke the procedure prescribed for other cases.

Appellant relies upon the cases of Leftwich vs. District Court, (Minn.) 42 N. W. 598; State vs. Weber, (Minn.) 37 N. W. 949; Whittem vs. State, 36 Ind. 196, and State vs. Dent, 29 Kansas (reprint) 297, for support. In the case of State vs. Weber, supra, the Minnesota court held that a constitutional provision (Sec. 2, Art. VI) of that state which provided that the Supreme Court should have "appellate jurisdiction in all cases, both in law and equity", was generally understood to mean that, "in all judicial proceedings, the judgment which finally determines the rights of the parties is subject to review by this court and we so hold", but the court further said:

"The legislature may prescribe the mode by which a cause is to be brought to this court, either by appeal or otherwise, and either directly from the court first deter-

mining it, or after a rehearing before some other court; but it can not deprive a party of the right to bring the cause in some manner to this court. If no other mode is given by statute, this court may assert and exercise its appellate jurisdiction by means of the writ of CERTIORARI."

This case, however, is contrary to the weight of authority, and no argument is advanced to sustain the position of the court, except the general understanding. But it will be observed that the court held that the statute regulating appeals did not apply to the case under consideration, and that the party desiring to invoke the jurisdiction of the court could only do so by CERTIORARI. In that state it will be noted that they have a very broad statute (Sec. 4823, C. L. 1894), which was in force at the time this decision was rendered, giving to the Supreme Court power to issue the writ of CERTIORARI "where necessary to the furtherance of justice and the execution of the laws", so that this case, and the case of Leftwich vs. District Court, supra, could hardly be considered as directly in point.

The Indiana case cited held that there was a right of appeal in that state, in cases of criminal contempt, under the provisions of a statute which gave the right "from all final judgments in criminal cases", and clearly this case has no application here, where our statute contains no such provision. The same is true of the Kansas case, where the statute gave the defendant the right to appeal in a criminal case "as a matter of right, from any judgment against him".

For the reasons stated, we are compelled to hold that there is no right of appeal from a judgment in criminal contempt, and that the motion by the Attorney General to dismiss the appeal was well taken, and must be sustained, and, IT IS SO ORDERED.

## DISSENTING OPINION.

NEBLETT, D. J.—I must dissent from the conclusion reached in this case for the reason that in my opinion the limitation of the appellate jurisdiction of this court in criminal cases fixed by the Territorial Legislature in Section 47 of Chapter 57 of the laws of 1907, through the use

of the words *"upon any indictment"* is wholly inconsistent with the provision of the state constitution which provides "The appellate jurisdiction of the Supreme Court * * * shall extend to all final judgments and decisions of the district courts"—Art. 6 Sec. 2, and such words of limitation must therefore be treated as nullified.

Prior to the adoption of the constitution the legislature had provided for appellate procedure from the district courts to the Supreme Court in "Civil and Criminal cases" (Chap. 57, Laws 1907). The procedure in criminal cases was clearly set forth, only appeals in criminal cases were limited to cases of final judgments of the district courts *"rendered upon any indictment."* If the words "rendered upon any indictment" be eliminated from Sec. 47 of Chap. 57, Laws 1907, the time within which any appeal in any criminal case could be perfected, as well as the manner of perfecting such appeal is clearly prescribed. It is clear to my mind that the framers of the constitution were well aware of the words of limitation and it was their purpose in employing the phrase "shall extend to all final judgments and decisions of the district courts" to expressly repeal any words of limitation of the statute upon the right of appeal in criminal cases.

If it be necessary for legislative action before an appeal in a criminal case of contempt could lie, it would only devolve upon the legislature to expressly repeal the words "upon any indictment" in Sec. 47, Chap. 57, Laws of 1907, and then the right of appeal in such a criminal action would clearly attach.

Prior to the adoption of the constitution the right of appeal in civil actions *extended* to any person aggrieved by any final judgment or decision of any district court, and in criminal cases it extended only to final judgments *upon any indictment*. The constitution expressly extends the appellate jurisdiction in criminal cases to all final judgments and decisions of the district courts. Should the legislature enact a law limiting the right of appeal from the final judgments and decisions of the district courts in civil cases to a certain class *only* would not such enactment be clearly unconstitutional and therefore void? If this be so, then is it not equally true that any statute exist-

ing at the time of the adoption of the constitution limiting the appellate jurisdiction of the Supreme Court in criminal cases *only* to final judgments rendered upon any indictment equally inconsistent with the constitution and likewise void?

I cannot agree that the provision of the Wisconsin constitution cited in the majority opinion is as broad as our own. Neither do I so consider the articles cited from the constitutions of the states of Wyoming and South Dakota.