ANDRIAN HUGHES et al., Receivers, *vs.* FREDERICK D. HALL and JOHN SPRING, JR.

*Appeals: from final orders only; order sustaining a demurrer, with leave to amend; not subject to appeal. Stockholders' liability: unpaid subscriptions; insolvent corporations; right of receiver to enforce liability.*

An order sustaining a demurrer to an entire bill which does not dismiss the bill, but grants in terms leave to the complainant to amend, is not in the nature of a final order and not one that can properly be made the subject of an appeal.

p. 550

By section 41 of Chapter 240 of the Acts of 1908, there is conferred upon a receiver or other person winding up the affairs of a corporation an express power to maintain a proceeding against the stockholders for such sums, if any, as may remain unpaid upon the stock held by them, without any distinction of the character of the receivers as "chancery" or

statutory.　The remedy of the creditors against the stock-holders is taken away.　　　　　　　　　　　　　p. 552

By section 54 of Chapter 240 of that act, a decree dissolving a corporation vests all its property in the receiver.　p. 553

By section 41 of Chapter 240 of the Acts of 1908, the stock-holders' liability under their unpaid subscriptions to stock is declared to be an asset of the corporation in the event of insolvency, with no distinction as to whether such insolvency shall be established by a decree of Court, or be proved as a fact; express authority for the enforcement of such liability is conferred upon the receiver, trustee, or other person wind-ing up the affairs of the corporation.　　　　　p. 553

The primary source to look to for the payment of the debts of a corporation is its tangible assets, and these should be first exhausted for the benefit of the creditors before recourse is had against the stockholders for any liability upon their respective shares of stock.　　　　　　　　　　　p. 553

A bill, while not alleging the insolvency of a corporation, set forth acts amounting to insolvency, and further alleged that "the business of the corporation is in such a condition," etc., etc., as "to require that it shall be dissolved under the statute" and prayed that the corporation might be dissolved and a re-ceiver appointed, etc.　The receiver, upon being appointed, applied to the Court for authority to enforce the liability of the holders of the common stock, received as a bonus for their subscription to the preferred stock.　The bill was filed without affidavit and did not allege that all of the assets coming into the hands of the receiver had been exhausted or converted into cash, and the record contained no statement of the amount of assets which had come into the possession of the receivers.　It was *held,* that the bill was demurrable, as the stockholders were entitled to definite allegations in regard to these matters before they could be called upon to answer.

p. 554

*Decided February 29th, 1912.*

Appeal from the Circuit Court of Baltimore City (DAW-KINS, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*Sylvan H. Lauchheimer* and *Thomas Hughes,* for the appellants.

*Richard S. Culbreth,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The Hopkins Clothing Company was incorporated in the year 1906. The stock was divided into two classes, preferred and common. Apparently from the record no subscriptions were taken for the common stock, only for the preferred, and those upon the condition that each subscriber for preferred stock should receive common stock as a bonus to the amount of 25 per cent. of his subscription for preferred stock.

In June, 1910, a bill was filed by Frederick D. Hall, the president of the company, as a creditor and stockholder, which, while not alleging the insolvency of the company, set forth acts tantamount to an allegation of insolvency, and further alleging that "the business of the corporation is in such a condition that the interests of the creditors and stockholders require that it shall be dissolved under the statute," and praying that the corporation might be dissolved and a receiver appointed to take charge of and conduct the business, and make some satisfactory disposition thereof under the control of the Court. On the same day that the bill was filed an answer was filed on behalf of the corporation "admitting the truth of the matter alleged," and consenting to the appointment of a receiver. Thereupon a decree was signed appointing a receiver, and authorizing him to take charge of the effects of the company.

In November, 1910, the receiver applied to the Court for authority "to take such proceedings as may be deemed proper to enforce" a liability of the holders of the common stock

for the value of that stock held by them, and which they had received as a bonus for their subscription to the preferred stock. On this application the Court passed an order authorizing the receivers to take "such proceedings as may be deemed proper to enforce the liability of the holders of stock of the Hopkins Clothing Company."

In pursuance of such authority the bill in this case was filed by the receivers against thirty defendants and alleged stockholders. Certain of the defendants demurred, and the demurrer was sustained with leave to the complainants to amend the bill of complaint within thirty days. From that order the present appeal was prayed.

There was no motion filed to dismiss the appeal, and it may be doubtful whether the case is yet in form to be properly passed upon by this Court. The order from which the appeal was taken was in no sense a final order, and while this Court has said in *Hecht* v. *Colquhoun*, 57 Md. 563, that "an appeal will lie from an order overruling a demurrer to a bill, where the demurrer goes to the entire bill," or "where the ruling of the Court finally settles some disputed right or interest of the parties," *Chappell* v. *Funk*, 57 Md. 465; *Darcey* v. *Bayne*, 105 Md. 365, it by no means follows that an order sustaining a demurrer to an entire bill, which does not dismiss the bill, but grants in terms leave to the complainant to amend, is so far in the nature of a final order that it can properly be made the subject of an appeal.

The present case might, therefore, properly be disposed of by an order of dismissal, but the nature and importance of the question presented seems to warrant an expression of the view of this Court, involving as it does the construction of an important statutory provision.

The demurrer to the bill was sought to be sustained upon two grounds: (1) that an "Ordinary chancery receiver" took nothing that the corporation itself did not possess, and that the Hopkins Company having issued the common stock as

full paid stock, could not itself have maintained an action against a holder of the stock, and, therefore, the receiver of the corporation was powerless to enforce such demand, and (2) that no bill to enforce the liability of stockholders could be sustained in advance of a decree dissolving the corporation.

Numerous cases were cited to show what property and rights passed to a receiver by virtue of his appointment, and as was stated by JUDGE BOYD, in delivering the opinion of this Court, in *Colton* v. *Mayer,* 90 Md. 713, "there is no difficulty in the way of receiver suing for any part of the estate, property or assets that belonged to the corporation and he is authorized by sec. 264A (Acts of 1896, Ch. 349;, to maintain suits and proceedings, to set aside preferences and void or fraudulent transfers, payments, etc., even when the corporation itself could not have done it if it had not gone into the hands of a receeiver. But our law does not authorize a receiver to recover any estate, property or assets that never did belong to the corporation, but only such as it was entitled to, when he was appointed, or such as had belonged to it, but had been disposed of contrary to law." In that case it was held that the receivers could not maintain the action for the reason that the receivers were without express authority to sue, that the test of the liability was the right of the corporation to maintain a claim of the character there asserted, and the fact that at that time the statute did give an express right to the creditors of the corporation which was in the hands of a receiver to proceed directly against the individual stockholder and recover from him the amount of the indebtedness to the creditor. This case was decided in 1900, and with unimportant modifications the condition of the law continued the same until the passage of the Act of 1908, Ch. 305. By that statute the former remedy of the creditor against the individual stockholder was abolished, and in place of it there was substituted as an exclusive remedy a bill in equity in the nature of a

creditor's bill against the stockholders for any liability upon
their part. This act thus dealt with the enforcement of the
rights of creditors as they then existed under the Code of
1904, and continued to be effective until the first of June,
1908, when the Act of 1908, Ch. 240, became operative.
*Pittsburg Steel Co.* v. *Balto. Equitable Society,* 113 Md. 77;
*Bettendorf Axle Co.* v. *Field,* 114 Md. 487.

By the Act of 1908, Ch. 240, sec. 41, it was provided that,
"every stockholder of any corporation in this State shall
remain liable for the benefit of its creditors for the amount
of the face value of his stock, or of his subscription in case
the stock has not been issued, less the amount he shall have
already paid thereon, until he shall have paid said amount
in good faith; and in the event of the insolvency of the cor-
poration such liability shall be considered as an asset of the
corporation, and may be enforced by the receiver, trustee or
other person winding up the affairs of the said corporation."

In this section there is thus conferred upon a receiver or
other person winding up the affairs of the corporation an
express power to maintain a proceeding against the stock-
holders, for such sum, if any, as may remain unpaid upon
the stock held by them, and that without any distinction of
the character of the receiver as "chancery" or statutory. The
remedy of the creditor against the stockholder has been taken
away by statute, thus depriving the creditor of any action at
law, and to deny to the receiver appointed for a corporation,
the right to maintain a bill in equity against the stockholders
because he was a "mere chancery receiver," would operate to
deprive the creditor of what has long been regarded as a
valuable right, and certainly was not within the intent of
the General Assembly in framing the Act of 1908, Ch. 240.

(2) Is a bill of the character filed in this case maintain-
able in advance of a decree of dissolution? In determining
this it will be sufficient to consider two sections of the Act
of 1908, Ch. 240, secs. 41 and 54, both deal with the same
subject matter in part. The latter section was a combination

of the provisions of secs, 377, 382 and 383 of Art. 23 of the Code of 1904, and provided that when a "corporation shall be dissolved by a decree of any Court of this State its property shall vest in its receivers appointed and named therein." This vesting in the receiver is thus made the legal consequence of a decree of dissolution. By the same section the receiver is given the powers of a permanent trustee of an insolvent debtor as regards preferences, payments or transfers which would be void or fraudulent under the insolvent statute. No mention, however, is made in this section as to the liability of stockholders, if any, upon stock held by them. In sec. 41 the only subject dealt with is the stockholders liability, which is declared to be an asset of the corporation in the event of insolvency, and without any mention whether such insolvency shall be established by a decree of Court, or the proof of it as a fact, express authority for the enforcement of such liability is conferred upon the receiver, trustee or other person winding up the affairs of the corporation.

But the primary source to look to for the payment of the debts of a corporation is the tangible assets of the corporation, and these should be first exhausted for the benefit of the creditors before recourse is had as against the stockholders. The bill as filed in this case was filed without affidavit, it did not allege that all of the assets coming to the hands of the receivers had been exhausted or converted into cash, and the record contains no statement of the amount of the assets which had come into the possession of the receivers. Reference is made in connection with a statement of claims filed, to the fact that an auditor's account had been stated, but what it disclosed, if anything, as to the solvency or insolvency of the company no where appears, and the allegation of the bill upon which the receivers were appointed was "that your Orator believes with proper management and care enough may be realized to properly provide for the payment of all indebtedness due by said corporation." Before, therefore, the defendants could properly be called upon to answer they

were entitled to definite allegations in regard to these several matters, and the bill not containing them, the learned judge below was entirely correct in sustaining the demurrer, and giving the plaintiffs leave to amend. The order below will accordingly be affirmed and the cause remanded that the plaintiffs may, by proper amendment, if they see fit, make the necessary allegations.

> *Order affirmed and cause remanded that further proceedings may be had therein in accordance with this opinion. Costs to be paid by the receivers.*