## ADRIAN HUGHES AND ELI FRANK, RECEIVERS, *vs.* FREDERICK D. HALL.

*Corporations: insolvency; illegal preferences; decree of dissolution, prerequisite to right to set aside.*

Chancery receivers are mere ministerial officers appointed by the Court to take possession of and preserve the property or fund *pendente lite;* they are mere custodians of the property for the benefit of the party ultimately to be entitled; but their appointment does not change the title or affect the right of possession.                                    p. 676

Prior to the Act of 1896, Ch. 349, corporations were not within the provisions of the insolvent law.                p. 677

By that Act a decree for dissolution is a prerequisite to the setting aside of an illegal preference made by the corporation.
                                                         p. 680

*Decided November 15th, 1912.*

Appeal from the Circuit Court of Baltimore City (DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Sylvan Hayes Lauchheimer* and *Thomas Hughes,* for the appellant.

*Richard S. Culbreth,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellants, alleging that the Hopkins Clothing Company, a corporation under the laws of Maryland, was engaged in the sale of ready-made clothing in Baltimore City, and that while so engaged, receivers were appointed for said company on

June 27th, 1910, by a decree of the Circuit Court of Baltimore City in a proceeding in which Frederick D. Hall and others were complainants and the said company was defendant, the record of which was prayed to be read and taken as a part of the bill of complaint in this case.

It appears from that record that Frederick D. Hall was the president of that company and one of its stockholders and creditors, and that while the bill did not allege insolvency, it did allege that the company had been distrained on for rent in arrear to the amount of $3,500, which it was then unable to pay, and was in arrears for taxes for several years, payment of which was urgently pressed, and that a sale under distress, or for said taxes, would result in great and unnecessary loss to creditors and stockholders; but that if a receiver were appointed, the assets could be disposed of, and the affairs of the company be wound up to the best advantage of all concerned; that it was believed by such course all indebtedness could be paid. It alleged that the interest of the creditors and stockholders required that the corporation "should be dissolved under the statute," and the prayer of the bill was for such dissolution and the appointment of a receiver. The answer specifically consented to the appointment of a receiver and generally to such decree as the Court should deem proper, but the decree passed did not provide for dissolution of the corporation.

The bill in the present case alleged that by an order of the Court in the last mentioned case the receivers were authorized and directed to bring *this suit,* but the only order appearing in that record authorizing and directing the receivers to bring any suit, is an order passed November 10th, 1910, directing them, on their petition, to take such proceedings as should be deemed proper to enforce the liability of the *stockholders of stock of said company,* which was the subject-matter of the appeal in the case of *Hughes and Frank* v. *Frederick D. Hall and John Spring, Jr.,* 117 Md. 547. This averment however, is one of fact, and is admitted by the demurrer filed to the bill, the bill further al-

leged that at the time of filing the first mentioned bill, the company was, and for a long time before had been, insolvent, and that such insolvency was apparent from the books and papers of the company, and was well known to the defendant, then a director and president of the company, and a director from its incorporation to the time of filing the original bill; that the auditors account filed in said original case shows that in the distribution of the assets of the company made therein, the creditors received a dividend of only about 29.7 per cent. of their claims, and that there was no prospect of payment of said claims in full; that at the date of filing of the original bill, the defendant was "a creditor of said corporation for monies advanced by him to it, and in other ways; * * * that while being such creditor, he from time to time, caused to be paid to himself on account of his claim as such creditor, the sums shown in his account with said corporation, a copy of which account, marked Exhibit F. D. H. is herewith filed as part hereof, knowing at the respective dates of such payments that the corporation was hopelessly insolvent, and that in making such payments he was preferring himself to the then existing creditors of said corporation, who are still such, at a time when his duty as president and director required him to see that all such creditors should be equally provided for; that demand had been made on him to repay said receivers the amounts so improperly paid to him as creditor, and that he had refused to comply with that demand.

The defendant demurred to the bill on the ground that it did not state such a case as entitled the receivers to any relief against him in a Court of equity. The demurrer was sustained with leave to amend the bill within thirty days, and the plaintiffs not amending, the bill was dismissed, from which decree this appeal is taken.

The grounds of the demurrer are two fold: (1) that a decree for dissolution of the corporation is a prerequisite to the recovery of an illegal preference; and (2) that the ordinary chancery receiver cannot sue in such a case, and that

only a receiver appointed and named in the decree of dissolution can recover an illegal preference.

The receivers in this case are ordinary chancery receivers, and there has been no decree of dissolution naming them as receivers.

The appellants insist that their power and right to recover in this case is settled by the case of *Clark* v. *Colton,* 91 Md. 212 and 213, while the appellee contends that it necessarily results from the recent decision in *Hughes and Frank, Receivers,* v. *Hall,* 117 Md. 547, that their right to recover must be denied.

A brief reference to the familiar principles regulating the powers of ordinary chancery receivers, and an examination of the course of legislation in this State affecting corporations, actually insolvent, will aid in reaching a satisfactory conclusion in this case.

In *Quincy Missouri Pac. R. R.* v. *Humphreys,* 145 U. S. 95, it was contended that the receiver of the Wabash R. R. was liable for rent for the Quincy R. R. because he took possession of it, it being operated by the Wabash Company under a lease to it. But the Court held otherwise, saying: "The receivers were not statutory receivers, nor did they occupy identically the same position as assignees in bankruptcy, or insolvency, or the like. They were ministerial officers, appointed by the Court of Chancery to take possession of, and preserve, *pendent lite,* the fund or property in litigation; mere custodians, the utmost effect of appointment is to put the property from that time into their custody, as officers of the Court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession of the property"; and the Court then quoted the passage from *Gaither* v. *Stockbridge,* 67 Md. 224, which we have produced, later on in this opinion.

In *Great Western Mining Company* v. *Harris,* 198 U. S. 574, a receiver was appointed by the United States Circuit Court for Kentucky in a suit to adjudicate and enforce liens and to subject the property of the company to the payment of

the claims of creditors.  He filed a bill in the Circuit Court
for the District of Vermont against Harris, a citizen of that
State, and a director of the company, alleging that certain
stock had been issued to him without consideration and in
fraud of his duty as a director, and for an accounting in
respect thereto.  The bill was dismissed upon the ground
that with no other title than that derived from the decree
of the character mentioned, the receiver could not sue in a
foreign jurisdiction, but in the course of the opinion, the
Court used language so pertinent to the case before us that
we reproduce it here, as follows:  "It does not appear that,
by order of the Court or otherwise, there has been any con-
veyance of the property and assets of the company to the
receiver, *nor has the corporation been dissolved, and the
receiver made its successor, entitled to its property and assets.
* * * Nor is our attention called to any statute vesting the
title of the corporation in the receiver."*  This language is in
exact accord with that of JUDGE ALVEY in *Gaither* v. *Stock-
bridge, supra,* page 225, where, in speaking of an ordinary
chancery receiver, he said, "It is manifest that the scope of
his duties and powers are very much more restricted than
those of an assignee in bankruptcy or insolvency.  In the
case of an assignee in bankruptcy, the law casts upon such
assignee the legal title to the unexpired term of a lease, and
he thus becomes assignee of the term by operation of law,
unless, from prudential considerations, he elects to reject the
term as being without benefit to the creditors.  But not so
in the case of a receiver, unless it be, as in New York, and
some of the other States, where, by statute, a certain class
of receivers are invested with the insolvent's estate, and with
powers very similar to those vested in an assignee in bank
ruptcy.  The ordinary chancery receiver, such as we have in
this case, is clothed with no estate in the property, but is a
mere custodian of it for the Court."

Prior to the Act of 1896, Chapter 349, corporations were
not within the provisions of the insolvent law.  That Act
was passed to bring them within those provisions, and to give

Courts of equity power to declare them insolvent and to dissolve them. *Clark* v. *Colton,* 91 Md. 205; *Mowen* v. *Nitsch,* 103 Md. 687. That Act added a new section to Article 23 of the Code, title Corporations, designated section 264A.

Section 264, Code of 1888, provided that whenever any corporation in this State other than a railroad corporation chartered by the State, shall have been determined by legal proceedings to be insolvent, it may be adjudged to be dissolved, upon a bill filed by any stock holder or creditor or by the Attorney-General of the State, or the State's Attorney of the county where the principal office of the corporation is situated and sections 265 to 276 provide for the procedure under such bill.

Section 264A provided that whenever any corporation mentioned in section 264, other than a railroad corporation, chartered .by the State shall have been adjudged *to be dissolved,* as provided in section 264, all of its property and assets should be distributed to its creditors, as the property and assets of an insolvent debtor are distributed under Article 47 of the Code, and the receiver of *such* corporation should have the power to maintain suits to set aside preferences and fraudulent payments, conveyances and transfers, as the permanent trustee of an insolvent debtor has, when such payments, conveyances and transfers are made by a natural person who has become an insolvent debtor. Chapter 198 of 1902 repealed and re-enacted .this section *in totidem verbis,* with an addition merely providing that its operation should not defeat or affect any sale of property of such corporation made under a decree of Court, a power in a mortgage or a deed of trust.

In the Code of 1904, section 264A became section 377 of Article 23, and Chapter 240 of 1908, being a revision of the corporation laws of the State, repealed sections 264 and 264A among many others, and by sections 53 and 54 of that Act enacted the law as it now stands in sections 78 and 79 of Bagby's Code of 1912.

Section 79 provides that "whenever any corporation shall be dissolved by decree of any Court of this State, its property shall vest in its receivers, appointed and named therein, and all preferences, payments and transfers, howsoever made by it, or by any of its officers on its behalf, which would be void or fraudulent under the provisions of the insolvency laws of this State, if made by a natural person, shall to the like extent, and with the like remedies be fraudulent and void, and for the purpose of setting aside such preferences, payments and transfers, the receiver of such corporation shall have all the powers vested in the permanent trustee of an insolvent debtor."

It is thus seen in tracing the legislation upon this subject, that in the original Act of 1896, Chapter 349, and in every repeal and re-enactment thereof, an adjudication of dissolution was made the foundation for the application of the principles of the insolvent laws in the distribution of the assets of an insolvent corporation.

In *Hughes* v. *Hall and Spring,* 117 Md. 547, the bill was filed by these same receivers against a number of stockholders to recover the par value of stock issued to them as a bonus, and their right to recover was resisted, upon the ground that no decree for dissolution had been obtained before filing the bill.

Judge Stockbridge, in delivering the opinion of the Court, observed that sections 41 and 54 of Chapter 240 of 1908, both deal, in part, with the same subject-matter, and calls attention to the fact that section 54 is a combination of sections 377-382, and 383 of Art. 23 of the Code of 1904, and that it makes no provision for liability of stockholders upon any stock held by them. That liability is dealt with in sec. 41 of Chapter 240 of 1908, and the provision there made, is that such liability shall be an asset of the corporation, and may be enforced by the receiver or other person winding up the corporation, "and that, too, without any distinction of the character of the receiver as 'chancery' or statu-

tory, and without any mention whether such insolvency shall be established by a decree of Court, or the proof of it as a fact." It was accordingly held, in that case, that the receivers could maintain the suit, though the demurrer to the bill was sustained for want of sufficient definite allegations as to some of the matters charged, and the case was remanded for amendment in these respects.

But in considering section 54 which relates expressly to cases of dissolution under a decree of Court and provides that in such cases the property of the corporation shall vest in its receivers "named and appointed therein," the Court said "this vesting in the receiver is thus made the legal consequence of a decree of dissolution;" that is to say, that when the dissolution prayed for has been decreed, then, *by virtue of such decree,* the receiver is vested with the powers of a permanent trustee in insolvency, and may ask that unlawful preferences be set aside; just as was said in *Mowen v. Nitsch, supra*: "It is under sections 376 and 377 of Art. 23 of Code of 1904, and section 22 of Art. 47 that proceedings *must* be had to set aside or avoid a prohibited preference."

Whatever support might be derived from the case of *Clark v. Colton,* 91 Md. 195, for the argument of the appellants, if that were the last word upon the subject, it cannot be successfully contended since the decisions in *Mowen v. Nitsch* and *Hughes v. Hall and Spring* that a prior decree of dissolution is not essential to the maintenance of a bill by a receiver to set aside an unlawful preference.

In view of this conclusion it is unnecessary to consider any of the other questions argued in support of the demurrer.

*Decree affirmed, with costs to the appellee above and below.*