## JOSEPH S. MORRIS

*vs.*

## JAMES T. BRIGHT, TRUSTEE.

*Deeds of trust: benefit of creditors; jurisdiction assumed by court; reference to special auditor; petition to have account stated, etc.; unnecessary; appeal from order refusing petition dismissed.*

Where a deed of trust for the benefit of creditors has been executed, and the trustee carries on the business, under the orders of the court which has assumed jurisdiction, and the matter has been referred to a special auditor, who, by statute, is fully empowered to conduct a prompt and thorough investigation, looking to a complete and accurate accounting by the trustee, including the examination of the parties and other witnesses, under oath, and the enforcement of the production of documentary evidence, an order of court directing the special auditor to take testimony and to enforce the production of books, vouchers and records pertinent to a full accounting, would be superfluous.                          p. 289

And an appeal, from an order denying a petition to that effect, should be dismissed.                          p. 289

*Decided May 12th, 1915.*

Appeal from the Circuit Court for Queen Anne's County. (In Equity.)   (HOPPER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*L. Wethered Barroll* (with whom were *Hope H. Barroll* and *Robert J. Gill* on the brief), for the appellant.

Submitted on brief by *Isaac Lobe Straus,* for the appellee.

Urner, J., delivered the opinion of the Court.

A deed of trust, executed by the appellant in July, 1911, conveyed all his property to the appellee for the benefit of creditors. The trust estate thus created consisted of a stock of merchandise and a store and dwelling house at Centerville, in Queen Anne's County. Upon the application of the trustee, in August, 1911, the Court below assumed jurisdiction of the trust. In October, 1914, the trustee reported receipts from retail sales of merchandise aggregating $4,404.89 and disbursements amounting to $1,501.64. About a month later a petition was filed by the appellant charging that the trustee had unduly delayed the administration of the trust, and that the petitioner had repeatedly requested him to. bring it to a close and to make a full report of his receipts and expenditures, but that the report which he had at length submitted after great delay was not full and complete, for the reason that it did not include a statement of all the disbursements for which credit is claimed. It was accordingly prayed that the trustee be required to file a detailed report of the expenditures as well as the receipts, so that the petitioner might have an opportunity to investigate and determine as to the correctness of the various items. An order was passed dismissing the petition and assigning as the ground of such action that the proceedings had then been referred to the special auditor of the court to state an account between the trustee and the estate. Some days afterwards another petition was presented to the court by the appellant stating that he had communicated with the special auditor

and learned that no special report of all the trustee's receipts and disbursements had been filed with that officer, and alleging that the petitioner was entitled to have full information as to the condition of the trust estate and to have the original vouchers of all expenditures produced, and, to the end that a full disclosure might be obtained by examination of the trustee under oath and by proof of the facts, an order was prayed for authorizing and directing the special auditor to take testimony and enforce the production of books, vouchers and records pertinent to the accounting.

In dismissing the second petition, the Court below, after stating that the property transferred by the deed of trust consisted of a stock of merchandise and a store building with dwelling attached, which the grantor and his family still occupy, proceeded to say in its opinion: "The trustee filed his bond, took possession of the stock, and, after having this Court take jurisdiction in the matter, began the administration of his trust. The real estate has not been sold. No bulk sale of the stock has been made. The trustee has carried on the business, selling the merchandise at retail. He has employed, at different times, three or more salesmen, one of the same being the petitioner. These salesmen kept the accounts of the sales and the disbursements. The trustee has filed in this cause a report of all the sales and disbursements made, with vouchers, which report is verified by his oath and the oaths of the several salesmen. The petitioner has had access to and is familiar with all these things, as well as with the store books of original entry, which he kept in part himself. These matters are now before the special auditor to state an account. It so appears that the petitioner has been denied no information about this trust. He does not charge concealment, falsification or that the report is not true and full. He does not charge the trustee with misconduct. In such circumstances his petition seems unnecessary at this stage of the case, and it appears that no useful purpose will be served by granting it."

The orders dismissing the two petitions to which we have alluded are the subjects of the appeals by which the case has been brought to this Court.

If we were authorized to entertain the appeals, we should concur in the view that, upon the facts stated in the opinion below, there was no occasion for the passage of such an order as the petitioner desired. As the special auditor to whom the case had been referred was fully empowered by statute to conduct a prompt and thorough investigation looking to a complete and accurate accounting by the trustee, including the examination of the parties and other witnesses under oath and the enforcement of the production of documentary evidence, and as the right of the petitioner and other persons interested to have such action taken is similarly secured, and has not been questioned, an order of Court to accomplish such object would appear to have been superfluous. *Code,* Article 16, sections 19-24.

It is clear, however, that the orders complained of are not appealable. They do not finally determine any question involved in the case. The right to a detailed and early accounting asserted in the petitions is not denied by the orders, but is treated as having no present need of action by the Court to provide for its full and free exercise. The interests of the appellant have not been prejudiced in any way by the dismissal of his petitions, and the case remains open in all respects for future decision in the regular course of procedure. None of the statutory provisions upon which the right of appellate review in equity cases depends can be construed to embrace orders like those now before us, and the appeals must therefore be dismissed. *Code,* Article 5, sections 26, 27; *Peoples* v. *Ault,* 117 Md. 631; *Beilman* v. *Poe,* 120 Md. 446; *Hughes* v. *Hall,* 117 Md. 547; *Keifer's Heirs* v. *Reichert,* 93 Md. 97; *Miller's Equity,* sections 305, 308.

*Appeals dismissed, with costs.*