## VASSAR FOUNDRY CO. v. WHITING CORPORATION et al.

(Circuit Court of Appeals. Sixth Circuit. November 3, 1924.)

No. 4039.

**I. Courts ⚖➝366(7) — State court's construction of state statute obligatory on federal court.**

Decision of state court that corporation dissolved under state statute is so completely nonexistent that it cannot be sued must be accepted as obligatory on federal court.

**2. Bankruptcy ⚖➝47—Creditors held entitled to object to voluntary proceedings on ground that there was no bankrupt in existence.**

Creditors' objection to voluntary bankruptcy proceedings by corporation which has been previously dissolved under Comp. Laws Mich. 1915, §§ 13563, 13570, on ground that there is no bankrupt in existence, and that property was held by creditors through state court, whether deemed jurisdictional or not, is one on which creditors have right to be heard.

**3. Bankruptcy ⚖➝9(2), 43—Statute relative to dissolution of corporations held not insolvency statute, suspended by Bankruptcy Act, as applied to solvent corporations; dissolved corporation could not become voluntary bankrupt.**

Comp. Laws Mich. 1915, §§ 13563, 13570, relating to dissolution of corporations, at least as applied to solvent corporations, is not an insolvency act, suspended by federal Bankruptcy Act (Comp. St. §§ 9585–9656), and where petition for dissolution alleged solvency, court had jurisdiction to enter decree of dissolution, which after it became final could not be attacked by corporation and creditors, so that corporation might be placed in voluntary bankruptcy.

Petition to Revise an Order of the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

In the matter of the voluntary bankruptcy of the Vassar Foundry Company. On petition of creditors, the Whiting Corporation and others, the adjudication was vacated (293 F. 248), and bankrupt brings petition to revise. Petition dismissed, and order vacating adjudication affirmed.

Max Kahn, of Detroit, Mich., for petitioner.

Walter M. Nelson, of Detroit, Mich. (Fred A. Lehmann, Wm. J. Lehmann, and Mark L. Rowley, all of Detroit, Mich., on the brief), for respondents.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The Michigan statutes (sections 13563 and 13570, C. L. 1915) provide that, if the directors of a corporation shall for any reason deem it beneficial to the stockholders that the corporation be dissolved, they may apply by petition to the local chancery court; that their petition shall show, among other things, all the property and all the creditors; that thereupon an order to show cause is to be made and served upon all the creditors; and that, after due hearing and upon a master's report, if it appears that for any reason a dissolution will be beneficial to the stockholders and not against the public interest, a decree shall be entered dissolving the corporation and appointing a receiver to wind up its affairs, "and such corporation shall thereupon be dissolved and shall cease." Other statutes contemplate that a corporation continues in being for certain purposes even after its corporate life expires, and it has been held that dissolution proceedings under a state statute did not necessarily bar bankruptcy proceedings (Scheuer v. Smith Co. [C. C. A. 5] 112 F. 407, 50 C. C. A. 312). But the Su-

preme Court of Michigan, construing these sections 13563-13570, has held that a corporation dissolved thereunder was so completely nonexistent that no suit could be maintained against it. Jacobs v. Bement's Sons, 161 Mich. 416, 126 N. W. 1043. Of course, this decision as to the construction and the effect of a statute must be accepted as obligatory upon the federal courts.

[1] The Vassar Company was dissolved under this statute by an order entered August 23, 1922, upon a petition by all the directors, showing that the company "is unable to meet all of its obligations when due, although it is perfectly solvent in the sense that the value of its assets far exceeds its liabilities," and showing assets of more than $150,000 and liabilities of about $100,000. A receiver was appointed to take possession of all the assets and proceed with the liquidation. On June 25, 1923, the corporation, pursuant to a resolution of the same directors, filed a voluntary petition in bankruptcy and adjudication followed. Later, upon the petition of creditors, the adjudication was vacated. This petition is filed to review the order vacating.

[2] It is first objected that creditors cannot be heard to attack a voluntary bankruptcy. See In re Ann Arbor Mach. Corp. (C. C. A. 6) 274 F. 24-29. The objection here is by creditors, and is that there was no basis for the bankruptcy, because there was no bankrupt in existence, and that all the property of the bankrupt was held by the creditors through the state court by title which the bankrupt could not dispute. Whether or not this objection is called jurisdictional, it is one upon which creditors must have a right to be heard. In re Guanacevi Tunnel Co. (C. C. A. 2) 201 F. 316, 319, 119 C. C. A. 554; In re Garneau (C. C. A. 7) 127 F. 677, 680, 62 C. C. A. 403.

[3] The only other question necessary to be noticed is the contention of the directors that the Michigan statute in question is an insolvency law, and was therefore suspended by the express terms of the Bankruptcy Act (Comp. St. §§ 9585-9656), and that hence the dissolution decree of the state court was without jurisdiction and void. So far as the statute applies to solvent corporations, it clearly is not subject to be defined as an insolvency law, nor is its existence or operation inconsistent with the purpose of the Bankruptcy Act. So far as it affects insolvent corporations, it has many of the aspects of an insolvency law, and perhaps enough of them to condemn it. As to that, we express no opinion. If there is invalidity for

2 F.(2d)—16

this reason, it is only pro tempore and pro tanto, while the Bankruptcy Law continues and so far as the state law is an insolvency law. In these proceedings, the petition alleged that the corporation was solvent; that clearly gave the state court jurisdiction, whether the allegation was true or not; all creditors were notified, no one objected and the final decree as made, although it did not expressly find solvency, yet constructively rests on that pleading basis; 10 months passed, and the decree became final, and every one was satisfied. Clearly it was then too, late, if the right ever existed, for the dissolved corporation and the petitioning creditors to go into another court and say that the state court had no jurisdiction because the allegation of solvency, made by these same parties, had been untrue.

This conclusion does not leave an open door for insolvent Michigan corporations to escape bankruptcy. Such dissolution action as was here taken, if by a corporation then insolvent, within the Bankruptcy Act definition, would seem to be an act of bankruptcy —"being insolvent, applied for a receiver."

The petition to revise is dismissed, and the order vacating adjudication is affirmed.