WALTER M. WRIGHT et al., Executors, *v.* HENRY R. LEWIS et al., Trustees in Bankruptcy.

*Insolvency of Corporation—Liability on Stock Subscriptions.*

In order to impose liability on unpaid subscriptions to stock, under Code, art. 23, sec. 77, it is sufficient that the corporate debts exceed the tangible assets, and the debts need not exceed such assets plus the amount of unpaid subscriptions.

*Decided November 4th, 1925.*

Appeal from the Circuit Court for Caroline County, In Equity (Wickes and Keating, JJ.).

Bill by Henry R. Lewis and others, trustees in bankruptcy of the Eastern Shore Brokerage and Commission Company, against Walter M. Wright and others, executors under the last will and testament of Alexander Noble, deceased. From a decree for plaintiffs, defendants appeal. Affirmed.

The cause was argued before Bond, C. J., Pattison. Urner, Offutt, Digges, Parke, and Walsh, JJ.

*T. Alan Goldsborough,* for the appellants.

*John W. Staton,* with whom was *John S. Whaley* on the brief, for the appellees.

DIGGES, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Caroline County, overruling a demurrer to the bill of complaint, with leave to answer.

The bill of complaint was filed by the appellees, trustees in bankruptcy, against the appellants and others, subscribers to the capital stock of the Eastern Shore Brokerage and Commission Company, a bankrupt corporation, for the purpose of collecting the unpaid balance on their respective stock subscriptions, for the benefit of creditors of that corporation.

Before the filing of the bill of complaint the said corporation had been adjudicated a bankrupt by decree of District Court of the United States for the District of Maryland. The appellees were appointed trustees by order of that court, were authorized and directed to institute appropriate proceedings against the defendants, and against any and all other person or persons that the trustees might find were in like position, to recover their respective unpaid subscriptions to the capital stock of the bankrupt company.

Subsequently the appellees filed their original bill of complaint, and upon the sustaining of a demurrer interposed by the appellants, filed their amended bill of complaint, being the one now before us for consideration.

The appellants demurred to the amended bill, and from the order of the court overruling this demurrer the appeal herein is taken.

The reason stated in the demurrer and relied on by the appellants is, "that the plaintiffs have not stated in their bill such a case as entitles them to any relief in equity against these defendants."

The single question for determination, therefore, is: Do the allegations of the bill, which for the purpose of demurrer are

admitted to be true, present such a case as entitles the complainants to equitable relief?

Section 77 of article 23 of the Annotated Code of 1924 provides: "Every stockholder of every corporation of this State shall be liable for the benefit of creditors of said corporation for the amount of his subscription to the stock of said corporation, less the amount he shall already have paid thereon, until he shall have paid said subscription, according to the terms thereof, in good faith; and in event of the insolvency of the corporation, such liability shall be considered as an asset of the corporation and may be enforced by the receiver, trustee or other person winding up the affairs of the corporation, notwithstanding any release agreement or arrangement short of actual payment which may have been made between the corporation and said stockholder. Nothing in this section shall be taken or construed as limiting or affecting the liability of stockholders in banking, safe deposit, trust and loan corporations."

It is contended by the appellants that actual insolvency is contemplated by this section, and that to constitute actual insolvency it must be alleged that the tangible assets, plus the unpaid balance on subscriptions to capital stock, are insufficient to pay the debts of the corporation.

If such be the law, in a large number of cases, the creditors of a corporation would be denied the right to proceed against the stockholder for the unpaid balance of their stock subscriptions, even though the tangible property and assets of the corporation be totally insufficient to satisfy the just and legal claims of its creditors.

Again, if this contention be sound, it will always be possible for stockholders who have not fully paid their stock subscriptions to escape all liability under the statute, by dissolving the corporation at any time before its debts exceed its tangible assets plus the amount of the unpaid subscriptions to its capital stock.

To illustrate: if a corporation's capital stock is fifty thousand dollars all of which has been subscribed, but of which

only twenty per cent., or ten thousand dollars, has actually been paid, and after conducting business for a time it finds that it is indebted to creditors in the sum of thirty thousand dollars, with ten thousand dollars of tangible assets with which to pay, the stockholders could by their action have a receiver appointed, wind up the affairs of the corporation, and be immune from liability on their unpaid capital stock subscriptions, simply because the thirty thousand dollars debts did not exceed the ten thousand dollars of tangible assets added to the forty thousand dollars of unpaid stock subscriptions.

An interpretation which would make possible such a result is not in accord with the meaning of the plain language of the statute, and is clearly subversive of its intent.

In *Hughes v. Hall,* 117 Md. 547, in construing section 41 of chapter 240 of the Acts of 1908, which for the purpose of a decision of the question presented in the present case is identical with section 77 of article 23 of the Annotated Code of 1924, we held that this section conferred express power upon a receiver, trustee or person winding up the affairs of a corporation to maintain proceedings against stockholders for such sum as remained unpaid upon the stock held by them, that the remedy of the creditor against the stockholders had been abrogated, that the primary source from which to require payment of the debts of the corporation is its tangible assets, and that these should be first exhausted before recourse is had as against the stockholders.

In that case this Court affirmed the lower court in sustaining the demurrer to the bill of complaint, for the reasons that there was no affidavit to the bill, no allegation that all of the assets coming into the hands of the receivers had been exhausted or converted into cash, and no statement of the amount of assets which had come into the possession of the receivers. That case was again before this Court, as reported in 119 Md. 487, and in the opinion as delivered by Judge Boyd, it was said: "The defects referred to in the bill have been corrected by the amended bill, and it is

shown by the allegations therein that the company is insolvent, and that even if the sums alleged to be due by the stockholders are collected there will not be sufficient to pay the creditors in full."

In that case there was an insufficiency of assets to pay the claims of creditors, even after the unpaid stock subscriptions were collected, but it is not necessary that such a condition should exist or be alleged. If the tangible assets of the corporation, being primarily liable for the payment of creditors, is not sufficient to pay its debts, then the statute constitutes the balance of the unpaid stock subscriptions a fund for that purpose, and empowers the trustees or receivers to prosecute such proceedings as have been resorted to in this case, to the end that such fund may be applied to the liquidation of the just and legal claims of the creditors of the corporation.

Testing the allegations of the amended bill in this case by the requirements as laid down in the case of *Hall v. Hughes, supra,* we think they are in full compliance therewith, and that the court below was correct in overruling the demurrer and requiring the appellants to answer.

> *Decree affirmed, and case remanded, with costs to the appellees.*