## LYON REALTY CO. et al. v. MILBURN REALTY CO.

District Court, D. Maryland.

Feb. 5, 1932.

J. Morfit Mullen and Eli Frank, Jr., both of Baltimore, Md., for receivers.

Lauchheimer & Lauchheimer, of Baltimore, Md., for petitioning creditors Lyon Realty Co. and others.

CHESNUT, District Judge.

In this case the petition of creditors for adjudication in bankruptcy of the Milburn Realty Company, was filed in due form on November 28, 1931. On December 21, 1931, Edward H. Hammond and Abraham Davidson, receivers (after dissolution) appointed by the circuit court No. 2 of Baltimore city, filed a motion to dismiss the petition in bankruptcy. The grounds assigned are (1) the Milburn Realty Company was dissolved by decree of the circuit court No. 2 of Baltimore city on October 1, 1931, prior to the filing of the petition in bankruptcy under the provisions of article 23, § 92 et seq., of the Maryland Code; (2) the Milburn Realty Company had not committed acts of bankruptcy; (3) laches and estoppel on the part of the petitioning creditors. However, at the hearing of the case, counsel for the receivers abandoned all contentions but the first, and therefore the sole question presented for decision is whether the fact that the corporation was dissolved prior to the bankruptcy proceedings deprives this court of jurisdiction in bankruptcy.

The contention of the receivers is that a dissolved corporation is legally dead for all purposes, and therefore may not be sued unless the statutes affecting the proceeding resulting in dissolution permit such a suit to be brought, and that the applicable Maryland statute does not permit this to be done. See Maryland Code, article 23, § 96. In support of the contention, reference is made to a recent case in the Supreme Court of the United States, Oklahoma Gas Co. v. Oklahoma, 273 U. S. 257, at page 259, 47 S. Ct. 391, 392, 71 L. Ed. 634, where it was said, but not with special reference to bankruptcy procedure: "It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect."

The particular case dealt with the effect of the dissolution of a corporation during a pending suit. Obviously the exact question here must depend for its solution upon the provisions of the bankruptcy law and the judicial decisions construing and applying it. The United States Code, title 11, § 22, 11 USCA § 22 (being section 4 of the Bankruptcy Act), provides with regard to involuntary bankruptcy as follows: "Any natural person * * * any moneyed, business, or commercial corporation * * * may be adjudged an involuntary bankrupt * * * and shall be subject to the provisions and entitled to the benefits of this title."

With regard to an individual, that is, a natural person, United States Code, title 11, § 26, 11 USCA § 26 (Bankruptcy Act, § 8) provides as follows: "The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane."

The quite clear implication from this statutory provision is that the estate of a deceased individual, although he committed acts of bankruptcy prior to his decease, is not subject to administration in bankruptcy, but is left for the probate procedure of the several states. And it has been so held in a number of federal decisions, and I understand is the generally accepted law. See In re Fackelman (D. C. Cal. 1918) 248 F. 565; Adams v. Terrell (C. C. Tex. 1880) 4 F. 796;

Graves v. Winter (D. C. Miss. 1874) Fed. Cas. No. 5710.

The quite logical argument is submitted by counsel for the receivers that the same rule must apply to a corporation which has been dissolved prior to bankruptcy because it is said to be incapable of being sued after dissolution. But despite the seeming logic of the contention I find that the federal decisions construing and applying the bankruptcy law to such a situation have been uniformly contrary to this contention. It happens that, in the earliest reported case in which there was an identical situation, Judge Morris in the District Court of Maryland, in the case of In re Storck Lumber Co., 114 F. 360, 361 (decided in 1902), recognized the logical difficulty, but sustained the bankruptcy jurisdiction on the broad principle: "That the national bankrupt law is to govern the administration of the estate of all insolvent debtors who are within its provisions, and supersedes all the state laws having the like object."

Judge Morris held in that case that the same applicable Maryland statute relating to dissolution of corporations was in the nature of a proceeding in insolvency. And this view of the Maryland statute was confirmed by the Court of Appeals of Maryland in the later case of Hughes v. Hall, 118 Md. 673, 677, 678, 85 A. 946. Judge Morris' decision in the Storck Case has been approved and followed in several subsequent federal cases involving quite similar situations. See the opinion of District Judge Hough, In re Munger Vehicle Tire Co., 159 F. 901, at page 903, affirmed by the Circuit Court of Appeals for the Second Circuit; and also see referee's opinion, In re Adams & Hoyt Co., 164 F. 489, at pages 493, 494, confirmed by District Judge Newman. And in a very recent bankruptcy case, Straton v. New, 283 U. S. 318, 330, 51 S. Ct. 465, 75 L. Ed. 1060, the Supreme Court has cited the Storck Lumber Co. Case with apparent approval. To the same effect is the earlier decision in Re Double Star Brick Co. (D. C. N. D. Cal.) 210 F. 980. In Vassar Foundry Co. v. Whiting Corporation (C. C. A. 6) 2 F.(2d) 240, the view was taken that the applicable Michigan corporate dissolution statute was superseded by the bankruptcy act so far as it applied to insolvent corporations, but could stand as to solvent corporations. See, also, Scheuer v. Smith (C. C. A. 5) 112 F. 407, for the discussion, although the case is not directly in point, as the bankruptcy proceeding there preceded the dissolution of the corporation.

Both Remington and Collier, well-known text-writers on bankruptcy, support the jurisdiction in bankruptcy in this case. In section 97 of Remington (as quoted in Re Adams & Hoyt Co. [D. C.] 164 F. 489, page 493) it is said: "Logically the dissolution of a corporation, after its commission of an act of bankruptcy, and before the filing of a petition, would defeat the jurisdiction of the bankruptcy court. Being no longer a corporation, it could not be a bankrupt corporation. However, where such dissolution is a mere incident to the winding up of the corporate affairs and the collection and distribution of its assets, such dissolution will not defeat the jurisdiction; the fiction of corporate entity giving way to the reality of business needs." See, also, Collier (13th Ed.) page 212.

Counsel for the receiver argues that Judge Morris' decision in the Storck Lumber Co. Case should not be followed because, he contends, the principle on which it was based has been overruled by the Supreme Court in Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507, where an Ohio statute affecting insolvents was held not superseded by the Bankruptcy Act. An examination of that case, however, shows that the Ohio statute was upheld because it was not inconsistent with but in aid of the Bankruptcy Act. And the very recent decision of the Supreme Court in International Shoe Co. v. Pinkus, 278 U. S. 261, 49 S. Ct. 108, 110, 73 L. Ed. 318, reaffirms the rule that "the national purpose to establish uniformity necessarily excludes state regulation. * * * States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations."

I conclude that it is my duty to follow the seemingly well-established current of authority on this point despite the logical difficulty. No case has been cited by counsel for the receivers supporting his contention, nor have I been able to find one. As has been said by Mr. Justice Holmes in his Legal Essays, the path of the law has been, not logic, but experience.

In sustaining the jurisdiction I do not think it really necessary to undertake to support the conclusion by reasoning in addition to the broad principle relied upon by Judge Morris in the Storck Lumber Co. Case.

While it may seem not entirely logical to hold that death of an insolvent individual who has committed acts of bankruptcy, before the bankrupt petition is filed, defeats jurisdiction, and at the same time hold that

the dissolution of a corporation does not, yet there are important practical differences between the two instances. The two main purposes of the bankruptcy law are (1) a fair and equal distribution of the bankrupt's assets; and (2) a discharge of the bankrupt from past obligations in order to give him an unburdened economic future. The death of the individual necessarily renders inapplicable the second purpose, and, looking to the administrative and procedural features of the bankruptcy law with special relation to the personal examination of the bankrupt, to some extent hampers the full operation of the law as to the first purpose. But, with respect to a dissolved corporation, the second purpose is obviously unimportant, as a new corporation could readily be formed, and the first purpose of the law can be as fully accomplished (by an examination of its still living officers) unaffected by the dissolution. I think it may also be suggested that, so far as I am aware without special examination, state insolvency laws are not operative as to the estates of deceased individuals, which are left for administration to the ordinary probate law, and are therefore not superseded by the Bankruptcy Act because not in con-flict therewith; while dissolution statutes as applicable to insolvent corporations, are effective in the disposition of their property and effects, and, to the extent that they are inconsistent with the Bankruptcy Act, are superseded thereby.

It is also suggested by counsel for the petitioning creditors that the language of the Bankruptcy Act (section 4 [United States Code, title 11, § 22, 11 USCA § 22]) subjects to involuntary bankruptcy "any natural person," and that this language excludes a deceased individual. And it may be pointed out that the jurisdiction over corporations is dependent upon the commission of an act of bankruptcy by a "going" corporation, and, such an act having been committed during the life of the corporation, the jurisdiction of the bankruptcy court is not to be defeated by the subsequent vol-untary or involuntary dissolution under state laws. That is to say, for the purposes of the Bankruptcy Act, a dissolution subsequent to an act of bankruptcy is to be disregarded as ineffective, provided the petition for adjudication in bankruptcy is filed within the proper time.

Some general argument was submitted by counsel for the receivers that taking jurisdiction in bankruptcy in this case would in substance frustrate rather than accomplish the general purpose of bankruptcy to secure equal distribution among creditors by avoiding preferences, rather than to further it. In this connection, it is urged that the alleged bankrupt made various preferential payments to creditors prior to the period of four months before the filing of the petition in bankruptcy in this case which probably cannot be reached or vacated by a trustee in bankruptcy, but probably would be void-able at the suit of the receivers of the corporation under the applicable Maryland statutes. But these considerations, I think, are legally immaterial as to the point whether there is or is not jurisdiction in this case. It is possible that the transactions which it is suggested should be avoided may be voidable by the bankrupt trustee under section 70 of the act (11 USCA § 110). But however that may be, in my opinion these matters are purely incidental and not controlling on the point of the jurisdiction.

For these reasons the motion to dismiss the petition for adjudication is hereby overruled and dismissed.