**In re THOMAS. \***

**AUSTIN v. THOMAS.**

No. 6741.

Circuit Court of Appeals, Sixth Circuit.

June 5, 1935.

\* Writ of certiorari denied 56 S. Ct. 149, 80 L. Ed. —.

W. S. McDowell, of Detroit, Mich., for appellant.

Robert S. Marx, of Cincinnati, Ohio (Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The single question presented in this case is whether the Bankruptcy Court has jurisdiction to adjudicate as bankrupt a Michigan corporation which has been dissolved under the state statute within four months before the filing of an involuntary petition in bankruptcy praying that such corporation be adjudicated bankrupt upon the ground that the corporation was insolvent at the time the application for dissolution was made and the receiver appointed, and that within such four months the dissolved corporation committed certain acts of bankruptcy and preferred certain creditors.

■ The appeal arises upon a motion to dismiss the petition for adjudication. The motion was denied by the District Court. The petition sets up the following facts, which for the purposes of this opinion must be taken as true. Payne, Secretary of the ·

Interior, v. Central Pacific Ry. Co., 255 U. S. 228, 232, 41 S. Ct. 314, 65 L. Ed. 598; Arizona v. California, 283 U. S. 423, 452, 51 S. Ct. 522, 75 L. Ed. 1154.

The First National Bank-Detroit, a national banking association, became insolvent within the provisions of the National Bank Act and was taken into charge by the Comptroller of Currency upon March 13, 1933, the appellee being appointed receiver on May 11, 1933. The Detroit Bankers Company, a holding company and commercial corporation, was indebted to the First National Bank-Detroit upon notes, for the most part unsecured, in the aggregate amount of $3,982,664.99. Upon March 29, 1933, while insolvent, the Detroit Bankers Company filed a petition under section 15310 of the Compiled Laws of Michigan of 1929, praying for its dissolution. Upon May 10, 1933, the Circuit Court of Wayne County, Michigan, entered a decree dissolving the corporation upon the ground that such dissolution would be beneficial to the stockholders and creditors thereof, and appointed a receiver. The petition for adjudication in bankruptcy was filed July 28, 1933. It alleged acts of bankruptcy on the part of the Detroit Bankers Company in voluntarily petitioning for dissolution while insolvent, and in preferring certain creditors, both acts being done within the four months preceding the filing of the bankruptcy petition.

■ Appellant contends that the Detroit Bankers Company ceased to exist upon May 10, 1933, and that after the decree of dissolution there was no basis for bankruptcy proceedings because no bankrupt was in existence. It has been stated by the Supreme Court of Michigan that after such decree, the corporation no longer exists. Cady v. Centreville Knit Goods Mfg. Co., 48 Mich. 133, 11 N. W. 839; Jacobs v. E. Bement's Sons, 161 Mich. 415, 126 N. W. 1043. However, neither these statements nor the Michigan decisions establish the proposition that the corporation has ceased to exist for all purposes, or is beyond the reach of the Bankruptcy Act. See Vassar Foundry Co. v. Whiting Corporation, 2 F.(2d) 240, 241 (C. C. A. 6). If the duties of the corporation have not been fully discharged, the paramount jurisdiction of the Bankruptcy Court under article 1, section 8, cl. 4 of the Constitution of the United States attaches, and may not be defeated by dissolution under state law. As stated by Mr. Chief Justice Fuller in

**604**

In re Watts & Sachs, 190 U. S. 1, 27, 23 S. Ct. 718, 724, 47 L. Ed. 933, "The operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes."

The precise point upon which appellant relies here was raised in Hammond v. Lyon Realty Co., 59 F.(2d) 592 (C. C. A. 4). The corporation had been dissolved under state law prior to the bankruptcy proceedings, and it was argued that hence the bankruptcy court had no jurisdiction. There the court held that the National Bankruptcy Act (11 USCA) so far controls the dissolution of the insolvent corporation as to prevent its legal extinction by superseding to the extent necessary all state laws which would prevent creditors from having the assets administered under the Federal Act.

Appellant also urges that the decision of this court in Vassar Foundry Co. v. Whiting Corporation, supra, requires a reversal of the order. There is, however, a vital distinction between that case and the instant proceeding. In the Vassar Foundry Co. Case, the petition for dissolution alleged that the corporation was solvent. Here the corporation was insolvent. In the Vassar Foundry Co. Case ten months passed before the decree of dissolution was questioned, whereas here the petition for involuntary bankruptcy was filed within four months after the petition for dissolution.

In the Vassar Foundry Co. Case, the court stated that the holding "does not leave an open door for insolvent Michigan corporations to escape bankruptcy." It points out that if such action is taken by a corporation which is insolvent, the decision does not apply.

The distinctions so clearly noted in the Vassar Foundry Co. Case exist here. The Detroit Bankers Company while insolvent committed an act of bankruptcy by applying for a receivership. Title 11 U. S. C. § 21 (a) (4), 11 USCA § 21 (a) (4); Vassar Foundry Co. v. Whiting Corporation, supra. It committed further acts of bankruptcy in preferring certain creditors over others. Title 11 U. S. C. § 21 (a) (2), 11 USCA § 21 (a) (2); In re Watts & Sachs, supra, 190 U. S. 1, at page 26, 23 'S. Ct. 718, 47 L. Ed. 933.

The District Court correctly held that the operation of the Bankruptcy Act could not be defeated by voluntary dissolution under such circumstances.

The order of the District Court is affirmed.