Samuel J. FRIEDMAN, Trustee of Ross Crane Service, Inc., Bankrupt

v.

CHESAPEAKE SUPPLY & EQUIPMENT COMPANY, a body corporate.

Civ. No. 11343.

United States District Court
D. Maryland.

Nov. 12, 1959.

Jacob D. Hornstein, Baltimore, Md., for plaintiff.

Mitchell Stevan and Sagner, Stevan & Harris, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The principal question raised by defendant's motion for summary judgment in this action by a trustee in bankruptcy to set aside a voidable preference is whether the order of a State Court in an earlier chancery receivership proceeding bars the instant action on grounds of res adjudicata.

In February, 1956, the Chesapeake Supply & Equipment Company (Chesapeake), defendant herein, sold a 20-ton crane and a 10-ton crane, under a contract of conditional sale, to Ross Crane Service, Inc. (Ross), the corporation of which plaintiff is trustee in bankruptcy. Ross was incorporated in Delaware; its principal place of business in Maryland was in Baltimore County. The conditional contract of sale was recorded in Baltimore City, but not in Baltimore County, as it should have been under Ann.Code of Md., 1957 ed., Art. 21, Sec. 66.

On July 17, 1958, a bill of complaint was filed against Ross in the Circuit Court for .Baltimore County by two stockholder-creditors, alleging that Ross was unable to meet its current obligations as they matured and was hopelessly insolvent, and praying for the appointment of a receiver to take charge of its assets and its books and records and to "liquidate the affairs" of the corporation under the jurisdiction of the Court. There was also a prayer for other and further relief, but no prayer for dissolution of the corporation, nor any allegations which would make the receiver anything other than an ordinary chancery receiver. On August 21, 1958, such a receiver was appointed by the State Court.

On August 28, 1958, the receiver filed a petition in that proceeding: alleging, inter alia, that the two cranes had remained in the possession of Ross until after the receiver was appointed, that the conditional contract of sale was invalid as against the receiver because it was not recorded as required by law, and because it was "not a conditional contract of sale"; and praying, inter alia, that Chesapeake be ordered to deliver the two cranes to the receiver.

At the hearing on that petition Chesapeake submitted to the general jurisdiction of the Circuit Court, so that the Court could decide the case "in a plenary fashion". On October 29, 1958, the Circuit Court entered an order: (1) finding that Chesapeake retook possession of the two cranes "before the event of" the receivership proceedings, and (2) holding "that title and possession" of the two cranes were in Chesapeake "free and clear of any and all claims of the Receiver".

On November 12, 1958,. an involuntary petition in bankruptcy was filed against Ross in this District Court. Shortly thereafter, Ross was adjudicated bankrupt, and plaintiff herein qualified as its trustee.

On April 22, 1959, the trustee filed the instant action against Chesapeake alleging: (1) that the two cranes were illegally and wrongfully repossessed by Chesapeake "in fraud, jeopardy and prejudice of the rights of lien creditors" of the bankrupt, Ross; and (2) that the repossession amounted to· a voidable preference, for reasons sufficiently alleged in the complaint. The trustee seeks an order directing Chesapeake to surrender the two cranes to the trustee or to pay to the trustee the fair market value of the cranes on July 17, 1958, with interest.

Claiming res adjudicata, Chesapeake has set up as a bar to this action the order of the Circuit Court for Baltimore County in the receivership proceedings referred to above. That issue·is now before the court on Chesapeake's motion for summary judgment.

■ The State Court receiver and the trustee in bankruptcy are in privity for certain purposes. See Freeman on Judgments, 5th ed., Vol. I, Secs. 438, 436a; Remington on Bankruptcy, 5th ed., Vol. 5, Secs. 2318–2320; Detroit Trust Co. v. Schantz, D.C.E.D.Mich., 14 F.2d 225. The trustee is bound by the decision of the State Court that title to and possession of the two cranes are in Chesapeake "free and clear of any and all claims of the receiver", i. e., of any claims which the receiver had the authority to make. The trustee cannot now claim that the repossession was "illegal".

The question at issue, however, is whether the trustee can now claim that the repossession resulted in a voidable preference. The State Court receiver made no such claim and the State Court did not pass on the question, but Chesapeake argues that the receiver could have made the claim, and that the trustee is now barred from raising it.

Chesapeake bases its contention on Ann.Code of Md., 1957 ed., Art. 23, Sec. 81(b). Sec. 81 provides, in pertinent part:

"(a) *As to assets and liabilities.* —The receiver of any corporation of this State appointed by a court pursuant to ·this Article, whether the dissolution of the corporation is voluntary or involuntary, shall be vest-

ed with full title to all the property and assets of the corporation and with full power to enforce obligations or liabilities in favor of the corporation; he shall proceed to liquidate the assets of the corporation and close its affairs under the supervision of the court and shall have all powers necessary for that purpose.

"(b) *Fraudulent preferences, payments and transfers.*—All preferences, payments and transfers made by the corporation, which would be void or fraudulent under the provisions of the insolvency laws of this State if made by a natural person, or under the acts of the Congress of the United States relating to bankruptcy, shall to like extent be fraudulent and void. For the purpose of setting aside such preferences, payments and transfers, the receiver of such corporation shall have all the powers vested in the permanent trustee of an insolvent debtor, and the date of the filing of the petition for appointment of a receiver for the corporation shall, for the purpose of determining the validity of preferences and for all other purposes, be treated as the date of the filing of the petition in insolvency by or against a natural person."

A receiver appointed "pursuant to this Article" means a receiver appointed after the dissolution of the corporation. Sec. 80(a) of Art. 23 provides:

"*Petition to court; declaration of insolvency and appointment of receivers.*—Any stockholder or creditor of any insolvent corporation of this State, other than a railroad, may petition any court having equity jurisdiction in the county in which is located the principal office of the corporation in this State, to dissolve the corporation. If the corporation has been determined by judicial proceedings, or is proved to be, insolvent, the court may, for cause shown and within its sound

judicial discretion, declare the corporation dissolved and, thereupon, the court shall appoint one or more receivers to liquidate the corporation under the supervision of the court. The court may appoint as receivers any persons it may select, including any directors, officers and stockholders of the corporation."

■ Such a receiver has much greater powers than an ordinary chancery receiver. Ever since Hughes v. Hall, 118 Md. 673, 85 A. 946, 949, it has been clear "that a prior decree of dissolution is * * * essential to the maintenance of a bill by a receiver to set aside an unlawful preference", and that an ordinary chancery receiver has no such power. Hughes v. Hall was decided in 1912, but the statutes then in effect, which are set out in the opinion in that case, 118 Md. at pages 678, 679, 85 A. 946, are essentially similar to those presently in effect. See Hammond v. Lyon Realty Co., 163 Md. 442, 457, 163 A. 480; Brune, Maryland Corporation Law, Rev. Ed. (1953), Sec. 407, p. 470.

■ The limited powers of an ordinary chancery receiver in Maryland are discussed in Tatlebaum v. Pantex Mfg. Corp., 204 Md. 360, 372, 104 A.2d 813.

Nevertheless, Chesapeake argues that the receiver could easily have had the corporation dissolved, himself transformed into a statutory receiver vested with title to the corporate property, and thereupon could have proceeded to set aside the voidable preference. Wherefore, Chesapeake continues, the State Court must have considered and passed on all points which the receiver could have raised if he had been a statutory receiver, appointed under Art. 23 of the Maryland Code.

This argument overlooks the facts: (1) that the bill of complaint in the State Court proceeding did not seek dissolution of the corporation; it sought and obtained the appointment of an ordinary chancery receiver; (2) no action was ever taken either by the receiver or by the officers or directors of the corporation to obtain a dissolution; (3) the order

appointing the receiver indicated clearly that he had the powers of an ordinary chancery receiver, and did not have the powers and title of a receiver appointed under Art. 23 of the Maryland Code. It does not appear whether or not the officers or directors of the corporation would have opposed a dissolution of the corporation at that time; in any event such a step was not a mere formality, which a court could properly say a receiver should have taken. The State Court did not treat the receiver as having the right to move to set aside a voidable preference.

The trustee now seeks to enforce such a right, granted to the trustee by Sec. 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. The instant action is not barred by the order of the State Court.